Filed May 14, 1886.

---

No. 11,969.

## VANDERCOOK v. WILLIAMS, TREASURER.

COUNTY AUDITOR.—*Taxes.*—*Duty of Auditor as to Omitted Property.*—*Powers not Judicial.*—*Compensation.*—Under section 6416, R. S. 1881, it is the official duty of the county auditor to search for and discover omitted property and to add the same to the tax-duplicate, with the proper valuation. In the discharge of this duty he has the powers of an assessor; he does not act as a judicial officer, and his acts are not judgments, nor is he entitled to additional compensation for his services.

SAME.—*County Commissioners.*—*Contract with Auditor to Discover Omitted Property.*—*Statute Construed.*—The provision in section 6416, R. S. 1881, that "No person other than the officials provided for in this law shall be employed by the county commissioners to discover omitted property," does not authorize the employment of the county auditor, or other official named in that law, to discover omitted property at an additional compensation to that elsewhere given him for performing his official duties, and a contract to that end is void.

SAME.—*Injunction.*—Where a county auditor, although acting under a void contract with the county commissioners, by which he is to receive a certain per cent. of the taxes collected on omitted property discovered by him, discovers, places a valuation upon, and adds to the tax-duplicate, omitted property, the taxpayer can not enjoin the collection of taxes thereon without a showing that he has been injured.

From the Steuben Circuit Court.

*J. Morris, C. H. Aldrich* and *J. M. Barrett,* for appellant.
*A. A. Chapin* and *W. L. Penfield,* for appellee.

HOWK, J.—In this case, the circuit court sustained the demurrer of the appellee, Williams, to the complaint of the appellant, Vandercook. This ruling is the only error assigned here by the appellant, and it presents for our decision the question of the sufficiency of facts, stated in his complaint, to constitute a cause of action.

In his complaint, Vandercook alleged that, on the 12th day of June, 1883, one Robert H. Johnson, then and since the auditor of Steuben county, entered into a contract with the board of commissioners of Steuben county, in the words and figures following, to wit:

"Whereas, it appearing that large sums of taxable property escape taxation, by reason of evasions and concealments on the part of the owners thereof; and whereas, the board of commissioners find an indispensable public necessity, that a competent person should be employed to collect the necessary facts and evidence for the recovery of such taxes, and all other moneys due the county and State aforesaid, order the following: That Robert H. Johnson, auditor of Steuben county, be and he is hereby employed and directed to make

search for all such omitted and concealed taxables, and also for the evidence of all other moneys due said county, and proceed with reference thereto in the manner provided by law, and in accordance with the written contract executed this day, which contract is in these words, to wit: ·This agreement made and entered into, this 12th day of June, 1883, by and between the board. of commissioners of Steuben county, of the first part, and the auditor of said county, of the second part, witnesseth: That, by the contract, the party of the second part is hereby employed by the party of the first part to diligently search for and discover in a lawful manner omitted, concealed and unassessed taxable property, as provided for by section 6416 of the Revised Statutes, the taxes upon which property being lawfully due said county and State. The party of the second part shall also make diligent search and examination for evidence of other moneys due said county, which, by reason of negligence, have been lost to the county ; said second party, after the said discoveries, shall be governed by the laws in relation thereto and act accordingly. For and in consideration of the services above named, being done and performed by the party of the second part, and the necessary expert assistance, the party of the first part covenants and agrees to pay the party of the second part a sum equal to thirty per centum of the money and taxes recovered by the treasurer of said county by reason of the aforesaid discoveries: *Provided,* That said percentage nor any part thereof shall be paid or deemed due and owing until such money and taxes have actually been paid into the county treasury, and that immediately upon such money and taxes having been paid into the treasury, then and in that case the aforesaid commission shall become due and payable by the board of commissioners of Steuben county, whenever they may be in session. This contract shall continue in force for one year from this date; the work to be proceeded with as soon as possible. In witness whereof," etc. (We omit the signatures to this contract.)

And the appellant averred, that afterwards, on the — day of ———, 1883, the said Johnson, as such auditor, under and pursuant to the foregoing contract, and as the employee of such board of county commissioners, notified the appellant to appear before him at his office in Steuben county, and show cause why certain pretendedly omitted personal property, alleged to belong to the appellant, should not be entered upon the tax duplicate of such county, by such auditor, acting under and pursuant to the aforesaid contract with such board of commissioners; that the appellant having failed to appear before such auditor as required by such notice, the aforesaid auditor, acting as the employee of such board of commissioners, under the foregoing contract, on the day and year last named, without authority of law, placed upon the tax duplicate of the county personal property of the appellant, of the nominal amount of $1,000, and then and there, under such contract, valued the same at $1,000 for taxation, for the years 1876 to 1883 inclusive, and then and there, under such contract, assessed taxes thereon for State and county purposes, for such years; that the taxes for the years 1876 to 1880, ranging from $51.75 to $195.30 inclusive, so made by special assessment, were not returned to the county treasurer until the date hereinbefore given for any of such years, amounting in all to the sum of $2,489.94; and the auditor afterwards delivered such duplicate, with such property valuation and assessments thereon entered by such auditor, to the appellee as treasurer for collection, which duplicate was then in the hands of appellee, as treasurer of such county, who would, if not restrained by an order of the court, proceed to collect the taxes so assessed, of and from the appellant; that such taxes, as entered upon the tax duplicate, constituted a cloud upon the appellant's title to ——— acres of land, owned by him in Steuben county.

And the appellant averred, that the taxes so assessed by Robert H. Johnson as such auditor, under the foregoing contract, were and are absolutely void, for the reason, among

others, that he, Johnson, was, at the time he made such valuation and assessment, interested therein to the amount of thirty per cent. of the taxes so assessed, under the aforesaid contract, against the appellant, and was by reason of such interest disqualified and incompetent to make such assessment; and the appellant averred, that he had paid all taxes legally assessed against him for State and county purposes, and then due, and was the owner of real estate in such county. Wherefore the appellant prayed that the appellee, as treasurer of such county, might be forever enjoined from collecting the aforesaid taxes, etc.

Several objections are urged by the appellant's counsel to the decision of the circuit court in sustaining the appellee's demurrer to the foregoing complaint. In their brief of this cause, the appellant's counsel contend that "the following propositions are indisputably the law:

"1. That the auditor, in determining what property of appellant was taxable and what was its value, acted judicially.

"2. That an interest in the questions, thus to be determined, would render his decision void.

"3. That if, by a contract with the board of commissioners, he secured thirty per cent. of the amount of taxes by him assessed against the appellant, his decision of the question was void, though the contract was illegal and not enforceable against the board."

In their brief the appellant's counsel, in speaking of the circuit court's decision, say : " In passing upon the demurrer, the court below held the contract between the board and the auditor void. The judge also held that because the contract was void, though believed to be valid by the auditor, its legal invalidity had the effect to render him an impartial and disinterested judge, and his judgment as to the taxability of the property, alleged by him to belong to the appellant, and his estimate of its value, fair and valid ; that, for this reason, the judgment of the auditor, upon the question raised by the demurrer, must be legally regarded as free from bias and the

corrupting taint of selfish partiality. And this is the question, and the only question, presented to this court for decision. Though the auditor contends, and will in this case contend, and though he seems to believe, that the contract which gave him one-third of the taxes, which he might adjudge and assess against the appellant, is valid, will this court hold, as did the court below, that, because the contract is void in law, the auditor was, though acting under it in the belief that it was valid, for that reason a disinterested and impartial judge, in the sense of law? Was he a man in whose impartiality and fairness the appellant should, by the law of Indiana, be compelled to confide, without appeal and without complaint, though he believed that the auditor was adjudging his own case, and, by his judgment, putting money in his own pocket? This is the question. Its statement seems to shock every man's sense of right and justice."

We have quoted thus liberally from the able brief of the appellant's learned counsel, not alone to show the grounds upon which they ask for the reversal of the judgment below, but also to disclose the line of argument they have pursued, in endeavoring to support their positions. The first question for decision in this case, as it seems to us, may be thus stated: Is the contract by and between the board of commissioners and the auditor of Steuben county, a copy of which is set out in the appellant's complaint, authorized · by law, and, therefore, a valid, legal and binding contract? Upon the face of such contract, it is manifest that it was executed by the parties thereto upon the supposition, at least, that its execution was fully authorized by the provisions of section 6416, R. S. 1881, in force since March 29th, 1881. This section of the statute is mentioned in such contract, and provides as follows:

" Whenever any county auditor shall discover or receive credible information, or if he shall have reason to believe, that any real or personal property has, from any cause, been omitted in whole or in part in the assessment of any year or number of years from the assessment-book or from the tax-

duplicate, he shall proceed to correct the tax-duplicate and add such property thereto, with the proper valuation, and charge such property and the owner thereof with the proper amount of taxes thereon, to enable him to do which he is invested with all the powers of assessors under this act. But before making such correction or addition, if the person claiming to own such property, or occupying it, or in possession thereof, reside in the county and be not present, he shall give such person notice in writing of his intention to add such property to the tax-duplicate, describing it in general terms, and requiring such person to appear before him, at his office, at a specified time within ten days after giving such notice, to show cause, if any, why such property should not be added to the tax-duplicate; and if the party so notified do not appear, or, if he appear, and fail to show any good and sufficient cause why such assessment shall not be made, the same shall be made. The county auditor shall, in all cases, file in his office a statement of the facts or evidence on which he made such correction; but he shall in no case reduce the amount returned by the assessor, without the written assent of the auditor of state, given on the statement of facts submitted by the county auditor. No person other than the officials provided for in this law shall be employed by the county commissioners to discover omitted property."

Assuming to act under these statutory provisions, the board of commissioners of Steuben county and the auditor of such county entered into the contract or agreement, set out in the appellant's complaint. It will be seen from such contract or agreement, a copy of which we have heretofore given in setting out the substance of appellant's complaint, that the county board thereby attempted to employ the county auditor, *inter alia*, "to diligently search for and discover, in a lawful manner, omitted, concealed and unassessed taxable property, as provided for by section 6416 of the Revised Statutes, the taxes upon which property being lawfully due such county and State." It will be further seen that in such contract or

agreement, for and in consideration of the services above named, being done and performed by the county auditor, and necessary expert assistance, the county board covenanted and agreed to pay such county auditor a sum equal to thirty per centum of the money and taxes recovered by the treasurer of such county, by reason of such discoveries of the county auditor. Applying the ordinary rules of statutory construction to the provisions of section 6416, above quoted, we are of opinion that the execution of such a contract as the one set out in appellant's complaint is wholly unauthorized by that section of the statute. It was the official duty of the county auditor, without regard to any contract, under that section of the statute, as we construe its provisions, "to diligently search for and discover, in a lawful manner, omitted, concealed and unassessed taxable property, and to add such property when discovered to the tax-duplicate, with the proper valuation, and charge such property and its owner with the proper amount of taxes thereon, and to enable such auditor to discharge this statutory duty, he was invested with all the powers of an assessor under the law.

In section 5907, R. S. 1881, in force since May 31st, 1879, it is provided that the county auditor shall be allowed an annual specified sum, "and no more, for his services," except a certain addition thereto dependent upon the population of his county, as shown by the last preceding United States census, and except, also, an annual allowance of one hundred dollars for making reports to the auditor of state. It was not competent, therefore, for the county board to covenant and agree to pay the county auditor any additional compensation for his services in the discharge of any of his official or statutory duties; nor was it competent for such county auditor to contract for, or to accept and receive, any such additional compensation for his services. *City of Fort Wayne* v. *Lehr*, 88 Ind. 62; *Miller* v. *Embree*, 88 Ind. 133.

It is probable, we think, that the contract or agreement, set out in appellant's complaint, was executed by the parties

thereto, upon the supposition that its execution was author-
ized by the language used in the last sentence of section
'641δ, above quoted, namely: "No person other than the of-
ficials provided for in this law shall be employed by the county
commissioners to discover omitted property." We are of
opinion, however, that this provision of the statute is not
fairly open to the construction, that the Legislature intended
thereby to authorize the county commissioners to employ any
of the officials named in that law to discover omitted prop-
erty, at an additional compensation to the compensation else-
where given them by law for their services in the discharge
of their official duties. On the contrary, it was the manifest
intention of the Legislature, in the enactment of the statutory
provision last quoted, as it seems to us, to prevent and forbid
the employment by the county commissioners of outside par-
ties, who at the time, for a consideration, made it their spe-
cial occupation to diligently search for and discover omitted,
concealed and unassessed taxable property, in the several
counties of this State. The provision quoted "hath this ex-
tent, and no more."

We conclude, therefore, that the contract or agreement, set
out in the appellant's complaint, is wholly unauthorized by
the statute, and, therefore, is void. Such contract or agree-
ment is also void as against public policy. The law will not
tolerate the employment of a public officer to discharge his
plain official duty, at a compensation other or different from,
or in addition to, the compensation given him by law for his
official services. Especially so, where, as in this case, the
amount of such additional compensation is, by contract, made
to depend upon the exercise of his individual judgment in
the discharge of his official duty. Public policy, as well as
law, forbids the execution or enforcement of such a contract
or agreement.

The question remains for decision, what effect does the fact
that the assessment of appellant's omitted property, of which

he complains in this action, was made by the county auditor under and pursuant to the provisions of such invalid, unauthorized and void contract, have upon the sufficiency or insufficiency of the appellant's complaint? It is true, perhaps, that the execution and existence of such illegal and void contract prompted and induced the county auditor to make the assessment of appellant's omitted property, of which he complains, and that, if there had been no such contract in existence, the county auditor would not have made such assessment. But, does it follow from these facts, conceding them to be such, that the assessment of appellant's omitted property and the valuation thereof, and the taxes charged against such property and appellant on the tax-duplicate by such county auditor, were and are of necessity, under the allegations of the complaint, wrongful, unjust and void? We think not. It will be observed, that the appellant has nowhere averred in his complaint that he did not own the omitted property wherewith he was assessed by the county auditor, nor that such property was for any cause exempt from taxation, nor even, that the county auditor had placed an unjust or excessive valuation on such property. In the absence of such averments as these, we are bound to conclude that the appellant did own such omitted property, that it was lawfully subject to taxation, that the valuation of such property by such county auditor was neither unjust nor excessive, and that the taxes thereon were properly charged by such auditor against appellant and his property on the tax-duplicate. If the appellant owned the omitted property which had not been assessed for taxation, if it was lawfully subject to taxation, and if no unjust or excessive valuation was placed thereon, then the taxes assessed on such property are a proper and legal charge against appellant and his property, whatever motive may have prompted and induced the county auditor to assess such omitted property, and to enter it and the taxes thereon on the tax-duplicate.

We conclude, therefore, that the facts stated in the appel-

lant's complaint herein are not sufficient to constitute a cause of action in his favor, nor to entitle him to any relief. The demurrer to such complaint was correctly sustained.

The judgment is affirmed, with costs.

Filed June 16, 1885.

## ON PETITION FOR A REHEARING.

HOWK, C. J.—Appellant's counsel ask a rehearing of this cause, and support their petition therefor by an able and exhaustive argument. In our original opinion, we held that the contract or agreement, set out in appellant's complaint, "by and between the board of commissioners of Steuben county, of the first part, and the auditor of such county, of the second part," was illegal and void for two reasons, namely: 1. Because it was wholly unauthorized by the statute (section 6416, R. S. 1881), and therefore void; and 2. It was void as against public policy, because "the law will not tolerate the employment of a public officer to discharge his plain official duty, at a compensation other or different from, or in addition to, the compensation given him by law for his official services."

Thus far, our original opinion was favorable to the appellant, and we do not understand that his learned counsel complain of such decision, nor of the reasons assigned therefor. But we went further, in our original opinion, and held therein that although such contract or agreement was unauthorized by law and void, as against public policy, and although the execution and existence of such illegal and void contract prompted and induced the county auditor to make the assessment of appellant's omitted property, of which he complained, yet his complaint was bad on demurrer, because he had nowhere averred therein that he did not own the omitted property, wherewith he was so assessed by such county auditor, nor that such property was for any cause exempt from taxation, nor even that the county auditor had placed an unjust or excessive valuation on such property. Upon this

point, we said: "If the appellant owned the omitted property which had not been assessed for taxation, if it was lawfully subject to taxation, and if no unjust or excessive valuation was placed thereon, then the taxes assessed on such property are a proper and legal charge against appellant and his property, whatever motive may have prompted and induced the county auditor to assess such omitted property, and to enter it and the taxes thereon on the tax-duplicate." In other words, we held in our original opinion, that however illegal and void the contract or agreement, between the county board and county auditor, may in fact be, such illegal and void contract will afford the appellant no sufficient cause of action for either legal or equitable relief, unless his complaint affirmatively shows that he has been injured or damaged thereby.

Appellant's counsel vigorously assail, in argument, this holding of the court. They say: "It is not enough, in the opinion of the court, to avoid the decision of a judge from whom no change of venue can be taken, whose decision is final, and from which there is no appeal, that he is interested largely in the very point decided, but that a party to such decision is bound by it, unless he avers and proves that it was *necessarily* wrongful and unjust in point of fact. In other words, that the decision of such a judge, though the law provides no means of removing the cause from him or vacating the judgment by appeal or otherwise (as is the case with the auditor) is presumably rightful and just, and therefore, until the contrary is alleged and proved, must stand as a valid and binding judgment." And so on, through thirteen pages of closely printed matter, appellant's counsel have labored assiduously and learnedly to show that, under the law, a county auditor is a judge and acts as such in the discharge of the duties imposed on him by section 6416, *supra*, in relation to the assessment and valuation of omitted property, and the addition thereof to the tax-duplicate, for the purposes of taxation. To enable the county auditor to dis-

charge such duties, the General Assembly say, "he is invested with all the powers of assessors under the act of March 29th, 1881, concerning taxation;" and appellant's counsel say, he is invested with the judicial power of the State, is a court or judge as the case may be, and, in the discharge of such duties, all his acts are judgments.

In the organic or fundamental law of this State, section 1 of article 3, it is thus ordained: "The powers of the government are divided into three separate departments; the legislative, the executive, including the administrative, and the judicial; and no ·person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this Constitution expressly provided." Section 96, R. S. 1881.

In section 1 of article 7 of our State Constitution, it is thus declared: "The judicial power of the State shall be vested in a Supreme Court, in circuit courts, and in such other courts as the General Assembly may establish." Section 161, R. S. 1881.

A county auditor is an officer, belonging to the administrative branch of the executive department, and in section 6 of article 6 of the State Constitution, it is ordained that all county officers shall· "perform such duties as may be directed by law." Section 156, R. S. 1881. It is nowhere provided, expressly or otherwise, in our State Constitution, that any county auditor or other officer, of the administrative branch of the executive department of the State government, may exercise any of the functions of the judicial department. In this case it is not claimed that the statute ·has invested the county auditor with the judicial power of the State, or has authorized such auditor to exercise any of the functions of the judicial department of the State government. If the statute had invested the county auditor with judicial power, or had· authorized such auditor to exercise judicial functions, in the discharge of any of the duties imposed on him by law, it is certain that the statute, to that extent, would have been

unconstitutional and void. It has been uniformly held by this court that judicial officers only can exercise judicial powers or functions. *Wright* v. *Defrees*, 8 Ind. 298; *Waldo* v. *Wallace*, 12 Ind. 569; *Columbus, etc., R. W. Co.* v. *Board, etc.*, 65 Ind. 427; *Shoultz* v. *McPheeters*, 79 Ind. 373; *Gregory* v. *State, ex rel.*, 94 Ind. 384 (48 Am. R. 162); *Elmore* v. *Overton*, 104 Ind. 548; *Pressley* v. *Lamb*, 105 Ind. 171.

It follows from what we have said, that under our laws and .decisions the auditor of Steuben county was not and could not have been a judge, invested with the judicial power of the State, and authorized to exercise judicial functions; and, further, that his proceedings and acts as such auditor, under the provisions of section 6416, *supra*, in the assessment of appellant's omitted property for the purposes of taxation, were under our law in no proper or legal sense a judgment. This conclusion disposes of the entire argument of counsel, in support of appellant's petition for a rehearing of this cause. The argument proceeds upon an erroneous theory, and has no sufficient foundation, either in fact or in law.

Appellant's petition for a rehearing is overruled, at his costs.

The appellee has also filed a petition for a rehearing of this cause. In this petition it is claimed that we have given an erroneous construction to section 6416, *supra*, quoted at length in our original opinion, or, rather, to the last provision or sentence of such section, which reads as follows: " No person other than the officials provided for in this law shall be employed by the county commissioners to discover omitted property." In construing this provision of the statute, in our original opinion, we held, in effect, that the manifest intention of the General Assembly in the enactment of such provision was to prohibit the employment by the county commissioners of persons who made it their special business, for a consideration, "to discover omitted property." We held, further, that such statutory provision was not fairly open to the construction that the county commissioners were thereby

authorized, or that the Legislature thereby intended to authorize such commissioners, to employ the county auditor or any other official, named in the act of March 29th, 1881, concerning taxation, to discover omitted property. We adhere firmly to the construction we have placed upon the statutory provision last quoted, in our original opinion, and the able argument of appellee's learned counsel, in support of a different construction, has not caused us to entertain even a doubt in regard to the correctness of our original decision of the question under consideration.

Appellee's petition for a rehearing is overruled, at his costs.

Filed June 25, 1885.