## CITY OF RICHMOND ET AL. v. DICKINSON.

[No. 18,827. Filed October 23, 1900.]

MUNICIPAL CORPORATIONS.—*Taxation.*—*Search for Omitted Property.* —*Contracts.*—The duty of searching for secreted property is not imposed upon the tax officers of a city, therefore a city may, under the general power to levy and collect taxes upon all property subject-to taxation, contract with a private person to search for property secreted and omitted from the tax duplicate.

From the Wayne Circuit Court. *Reversed.*

*Conner & Conner,* for appellants.
*L. D. Stubbs* and *T. J. Study,* for appellee.

BAKER, C. J.—On appellee's suit a decree was entered enjoining the city and its officers from carrying out a contract with appellant Clifford. The assignment is that the court erred in overruling appellant's demurrer to the complaint.

The complaint shows that the appellee is a citizen and taxpayer of the city of Richmond; that the city entered into a contract with Clifford whereby Clifford undertook to search for property that had been secreted and omitted from the tax duplicate of the city and to report discoveries thereof to the city clerk, and whereby the city undertook to pay Clifford for his services a sum equal to twenty per centum of the taxes collected by reason of his discoveries; that Clifford has discovered a large amount of secreted and omitted property subject to taxation by the city, and has reported his discoveries to the city clerk; that the city clerk has entered such property on the tax

duplicate; that the city treasurer has collected the taxes thereon; and that the city, unless restrained, will pay Clifford according to the contract, to the irreparable injury of appellee and all other taxpayers of the city.

Is the contract void? It is, if the services to be performed by Clifford lay within the official duties of the tax officers of the city. *City of Ft. Wayne* v. *Lehr,* 88 Ind. 62; *Miller* v. *Embree,* 88 Ind. 133. The tax officers of the city are the city clerk and the city treasurer. The duties of the city clerk, in reference to the original making up of the duplicate and putting omitted property thereon, are the same as the county auditor's. The duties of the city treasurer correspond with those of the county treasurer. There is no city assessor nor city board of equalization; but the city clerk is given access to the returns of the county assessor and to the duplicates in the county auditor's office; and all the provisions of the general tax law, so far as they can be applied, are to govern cities. §§3505, 8560-8565, 8672 Burns 1894, §§3070, 6409-6414, 6521 Horner 1897.

In reference to the assessment of omitted property, the present law (Acts 1897 p. 141, §8560 Burns Supp., §6409 Horner 1897) is this: "Whenever the county auditor [city clerk] shall discover or receive credible information, or if he shall have reason to believe that any real or personal property has, from any cause, been omitted in whole or in part, in the assessment of any year or number of years, from the assessment book or from the tax duplicate, he shall proceed to correct the tax duplicate and add such property thereto with the proper valuation, and charge such property and the owner thereof with the proper amount of taxes thereon; to enable him to do which he is invested with all the powers of assessors under this act. But before making such correction or addition, if the person claiming to own such property, or occupying it, or in possession thereof, resides in the county, and is not present, he shall give such person notice in writing of his intention to add such prop-

erty to the tax duplicate, describing it in general terms, and requiring such person to appear before him at his office at a specified time, within five days after giving such notice, and to show cause, if any, why such property should not be added to the tax duplicate; and if the party so notified does not appear, or if he appears and fails to show any good and sufficient cause why such assessment shall not be made, the same shall be made, and the county auditor [city clerk] shall, in all cases, file in his office a statement of the facts or evidence on which he made such correction; but he shall in no case reduce the amount returned by the assessor, without the written consent of the Auditor of State, given on the statement of facts submitted by the county auditor. When the county auditor [city clerk] shall discover credible information or have reason to believe that real or personal property has, from any cause been omitted, in whole or in part, from assessment for taxation, or such credible information shall be furnished to such county auditor [city clerk] it shall be the duty of such county auditor [city clerk] to take the steps provided for by this section, to place such omitted property on the tax duplicate. If such county auditor [city clerk] shall fail or refuse, on the discovery by himself, or on credible information being furnished him by another person, that property has been omitted from taxation, the State on the relation of any State officer, or of the State Board of Tax Commissioners, or of any taxpayer of the county [city] in which failure or refusal occurs, shall have the right to proceed against such county auditor [city clerk] in any court of competent jurisdiction by mandamus, to compel such county auditor [city clerk] to comply with the provisions of this section. In the trial of such a suit, the question of what constitutes credible information, as mentioned in this act, shall be a question of fact to be determined by the court or jury trying the case, and either party shall have the right to demand a jury to try such question of fact. If judgment shall be ren-

dered to the effect that credible information has been dis-
covered by, or furnished to such county auditor [city clerk],
or that he has reason to believe that property has been omit-
ted from taxation, it shall then be the duty of such county
auditor [city clerk] to forthwith place such omitted prop-
erty on the tax duplicate in accordance with the provisions
of this act, and such county auditor [city clerk] shall be
liable for all costs of such mandamus suit and for a reason-
able attorney's fee for the relator's attorney which shall
be taxed as a part of the costs of such suit in all cases,
where judgment is rendered against him: *Provided, how-
ever*, That in case proceedings are instituted hereunder on
the relation of any private citizen, such relator shall give
bond to the satisfaction of the court to pay all costs which
may be recovered against them."

Tax officers are liable to fine and imprisonment for in-
tentional failure to perform the duties required of them by
law.   §8560a Burns Supp., §6409a Horner 1897; §8675
Burns 1894, §6521c Horner 1897.   So it is important not
to confuse a privilege or right on the one hand with a duty
required by law on the other.   Under the statute, there is
no doubt of the right of the county auditor (city clerk) to
procure "credible information", as best he can, concerning
secreted and omitted property.   But does the law lay upon
him the duty to hunt for omitted property?   Must he as-
sume that the returns of the taxpayers are false?   Not merely
the returns for the current year, but for an indefinite period
prior to his incumbency?   If he intentionally fails or re-
fuses to act upon such an assumption, must he pay a fine
and go to jail?   If he must act on such an assumption to
save himself, then he is bound, at his peril, to investigate
the correctness of the returns of every taxpayer within his
jurisdiction for every year the taxpayer might be liable to
taxation on omitted property.   But such is not the duty
required by statute.   The county auditor (city clerk) must
give the notice, afford the hearing, and add the omitted

property to the tax duplicate *whenever he shall discover or receive credible information or have reason to believe* that property has escaped taxation for any year or any number of years. This duty he may be compelled to perform. For intentional failure or refusal to discharge this duty, he may be punished. To carry out this duty, the county commissioners (city council) have no power to employ a substitute or helper.

But has the county or city no right to pay for credible information that will add to the public revenues and equalize the burdens of the taxpayers? The informant performs no official act or duty. The taxpayer who is charged with the secretion or omission of taxables is protected by an official bond, for the county auditor (city clerk) alone has the authority to make the entries on the tax duplicate. The county or city is dependent upon its receipts from taxation. And public policy demands that every taxpayer contribute his just proportion of the expenses of government.

The general powers of counties are not directly involved in this case and are therefore not considered; but, regarding cities, the statutes provide that common councils "shall have the management and control of the finances" and "shall have power to levy, and cause to be assessed and collected in each year an *ad valorem* tax of not more than one per cent. for general purposes on all property subject to State and county taxation" within their respective cities. §§3106 and 3156 R. S. 1881 and Horner 1897, §§3541 and 3617 Burns 1894. This general power of common councils is to levy and cause to be assessed and collected a tax, not merely upon the property that is returned by the assessing officers for taxation, but upon *all* property that is *subject* to taxation. This general power is worthless, unless it carries with it the right to use means efficient for its enforcement.

The section of the statute in relation to the taxation of omitted property (hereinabove quoted) is a part of the

general tax law of 1891, as amended in 1897. The history of that section is effective proof of the fact that the legislature recognized that the search for secreted taxables was not imposed upon the tax officers and that the county (city) was so interested in collecting a full revenue and in laying equal burdens upon its taxpayers that it had a lawful right to employ persons to search for omitted property. In §147 of the general tax law of 1881 (Acts 1881 p. 661, §6416 R. S. 1881) was embodied the feature of having the county auditor (city clerk) give notice to the suspected owner and, after a hearing, put the omitted property upon the tax duplicate. This section, except as to the length of notice, was reënacted in 1891, with the significant omission of the last sentence, namely: "No person other than the officials provided for in this law shall be employed by the county commissioners [common council] *to discover omitted property.*" The amendment of 1897 consisted of adding the provisions for compelling the auditor (clerk) by mandate to perform the duties required of him by this section. It is observable that he may be compelled, not to hunt for the information, but, after receiving it, to proceed to put the omitted property, if any is found, upon the tax duplicate. In 1881 it would not have been lawful for the county commissioners (common council) to pay a tax officer for discoveries of omitted property, if the search was "a burden of the office". If it was lawful in 1881 to employ a tax officer, it became lawful in 1891 to employ anybody; but, whether or not public policy should be held to forbid the employment of public officers to do extraneous work that might influence or prejudice them in the discharge of their official duties, is a question not necessary to be determined here.

This construction of the statute is not in accord with that given in *Vandercook* v. *Williams, Treas.*, 106 Ind. 345. But the error was there committed of assuming that the section commanded the auditor to search for taxables secreted and omitted in any year or number of years.

Councilmen are officers in our local self-governments. They are not required to institute a search for secreted taxables. But, if in their judgment the occasion demands it, they have the power. If these public servants do not exercise the power in accordance with the judgment of their employers, the remedy is to change servants.

Judgment reversed with instructions to sustain the demurrer to the complaint.