## McCASLIN *v.* CITY OF GREENCASTLE.

[No. 8,270. Filed April 9, 1914.]

1. MUNICIPAL CORPORATIONS. — *Contracts.* — *Listing Sequestered Property for Taxation.*—A city may enter into a contract engaging persons to discover sequestered property and cause the same to be entered upon the tax duplicates. p. 56.

2. MUNICIPAL CORPORATIONS.—*Contract for Discovery of Sequestered Property.*—*Validity.*—*Ordinance.*—Where a contract employing experts to discover sequestered property and cause the same to be entered for taxation, was entered into by the mayor

McCaslin *v.* City of Greencastle—56 Ind. App. 54.

of a city pursuant to an ordinance directing the execution of same, and recited that it was made in compliance to such ordinance, the provisions of such ordinance thereby became a part thereof as much as if set out therein at full length, so that such contract was not invalid as being unauthorized on the ground that it did not specifically mention certain conditions set forth in the ordinance. p. 56.

3. MUNICIPAL CORPORATIONS.—*Contracts.—Discovery and Listing of Sequestered Property for Taxation.—Liability.*—While a city that had entered into a contract with experts to discover sequestered property and cause the same to be entered for taxation had the right under its express provisions to reject any or all such property or taxes as uncollectible and thus become exempt from liability for the services performed, where, after it had exercised such right of rejection, the experts reported the property to the county assessor who caused same to be entered on the duplicates, and the full amount of the taxes was thereafter collected by such city, there was such an acceptance as rendered the city liable for the payment of the compensation provided in the contract. p. 57.

From Putnam Circuit Court, *John M. Rawley,* Judge.

Action by George H. McCaslin against the City of Greencastle. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Alfred R. Hovey, Omer U. Newman, W. N. Harding* and *J. H. James,* for appellant.

*Charles T. Peck,* for appellee.

IBACH, J.—This was an action on a contract entered into between the city of Greencastle and C. H. Cameron and George H. McCaslin whereby the latter parties were to render certain services in looking up, discovering and causing to be entered on the tax duplicates of the city certain omitted, secreted, and sequestered property, and were to be paid for the services rendered a sum equal to a certain percentage of the taxes collected through their efforts. The court sustained appellee's demurrer to appellant's second amended complaint, and on appellant's refusal to plead further, rendered judgment for appellee. Error is assigned on these rulings of the court.

Appellee gives three reasons why the complaint does not state a cause of action. The first is that a city has no authority to enter into a contract of the nature of that sued on. This question is settled against appellee's contention by the case of *City of Richmond* v. *Dickinson* (1900), 155 Ind. 345, 58 N. E. 260, and the recent case of *City of Richmond* v. *Clifford* (1914), 182 Ind. —, 103 N. E. 789, 105 N. E. 385. It is next asserted that the contract sued on was executed by the mayor without authority, because it exceeded the terms and authority of the ordinance of the city authorizing such contract and was therefore void; that the ordinance contained two provisions reserving rights to the city which were disregarded by appellant and the mayor in the execution of the contract sued on, viz., "The city reserves the right to reject any part or all of such property or taxes, which may be uncollectible, which said Cameron and McCaslin may offer to place upon the tax duplicate, which in the discretion of said city may not be collectible," and "Said Cameron and McCaslin shall have until the first day of March, 1904, to make such investigation and no longer." The contract makes no special reference to these provisions of the ordinance, but it recites that it is "made in compliance with an order of the common council of the city of Greencastle, at their regular meeting held July 28, 1903". It appears from the complaint that the services for which appellant is seeking to recover, were rendered before March 1, 1904. We take it that the contract is not subject to appellee's second objection, for the resolution is made a part of it as much as if it had been written into it, and the complaint shows that the contract was performed by the examiners in conformity with the terms of the resolution. Had the performance of the contract by McCaslin and Cameron been contrary to the terms of the resolution, a different question would be presented.

The complaint shows that Cameron and McCaslin found

and reported certain sequestered property, and filed schedules of the same with the city clerk of the city of Greencastle, but that "said city of Greencastle, through its said city clerk, refused to enter such omitted property for taxation against the several persons upon the tax duplicates of said city of Greencastle, and returned each and all said schedules and claims to this plaintiff;" that plaintiff thereafter reported to the assessor of Putnam county the taxpayers and persons having omitted, secreted and sequestered property and filed with the assessor the schedules of omitted property, and he caused such property to be placed on the tax duplicates of the county and city, and the omitted taxes were afterwards collected by the city of Greencastle. Appellee's third contention is that the clause in the ordinance, by which "the city reserved the right to reject any part or all of such property or taxes, which may be uncollectible, which said Cameron and McCaslin may offer to place upon the tax duplicate, which in the discretion of the city may not be collectible," gave the city the full right to make such rejections as its clerk made, and gave it discretionary power to decide what taxes might be rejected as uncollectible, and that having exercised this right, and rejected all of the taxes offered by plaintiff to be placed on the tax duplicates, its liability under the contract ceases. The ordinance is very loosely drawn, yet we can conceive of no reasonable construction of it which would not give to the city the power to reject contended for by appellee. It follows, therefore, that when the city clerk, in the exercise of the discretion reserved to the city, rejected all of the taxes offered by plaintiff, the city became released from all liability under the contract. If appellee had remained content with the conclusion reached by its clerk when he refused to receive the property returned to it by appellant as omitted property, there can be no doubt that the provisions of appellee's contract would prevent a recovery, but it is further averred in the complaint that the

county assessor caused the same omitted properties, discovered by appellant, to be added to the taxable properties upon appellee's tax duplicates, and appellee actually collected all the taxes therefor. These averments, we think, show an acceptance on the part of appellee of the omitted properties returned by appellant to appellee, and constitute a good and sufficient complaint upon the contract.

Judgment reversed.

Note.—Reported in 104 N. E. 871. 'See, also, under (1) 37 Cyc. 980; (2) 28 Cyc. 670.