BOARD OF COMMISSIONERS OF THE COUNTY OF
• WABASH v. WORKMAN.

[No. 21,853.   Filed May 15, 1917.]

1. COUNTIES.—*Board of Commissioners.—Powers.—Statute.— —Construction.*—Section 6016 Burns 1914, §5766 R. S. 1881, providing that the board of county commissioners shall make no allowance not required by law, is one of limitation, rather than a grant, of power to the board to make contracts, though it recognizes the propriety of contracts in case of indispensable public necessity.   p. 282.

2. COUNTIES.—*Claims.—Time of Filing.—Statute.*—The purpose of the provision in §6016 Burns 1914, §5766 R. S. 1881, requiring a claim against the county for services rendered as a public necessity shall be filed ten days before the beginning of the term at which it is acted on by the board of commissioners, is to afford interested parties an opportunity to object, but, where a claim not filed within the time is disallowed, the failure to so file is immaterial, as nothing more could have been accomplished if more time had been given for objections, and claimant may appeal or file an independent suit.   p. 283.

3. TAXATION.—*Property Omitted from Tax Duplicate.—Powers of Board of Commissioners.—Statutes.—Repeal.*—Section 142 of the Fee and Salary Act of 1891, Acts 1891 p. 199, 257, §8560 R. S. 1894, requiring county officers to search for and assess property omitted from the tax duplicate, did not have the effect

of repealing §6016 Burns 1914, §5766 R. S. 1881, relative to extra allowances by the board of county commissioners.    p. 284.

4.  TAXATION.—*Delinquent Tax Searches.—Powers of Board.— Statutes.*—Section 147 of the act of 1881, Acts 1881 p. 611, §6416 R. S. 1881, requiring the county auditor to place omitted property on the tax duplicate and providing that "no person other than the officials provided for in this law shall be employed by the county commissioners to discover omitted property," while not repealing §6016 Burns 1914, §5766 R. S. 1881, further limited the powers of the board under such statute and prevented it from contracting, on the ground of indispensable public necessity, with others than county officials for the discovery of omitted property; but, in view of subsequent amendatory legislation omitting the inhibition contained in §6416 R. S. 1881, against employing others than county officials to search for property omitted from the tax duplicate, the board may contract with others under §6016, *supra,* to make such a search, in so far as it is a public necessity and the duty is not imposed upon any county official.    pp. 284, 286.

5.  TAXATION.—*Delinquent Tax Searches.—Duty of County Auditor.—Statute.*—Under §6416 R. S. 1881, Acts 1881 p. 611 (§10310 Burns 1914), the county auditor is not required to search beyond the county records for omitted property.    p. 286.

6.  TAXATION.—*Delinquent Tax Searches.—Contract of Board of Commissioners. — Necessity of Antecedent Appropriation. —* Under §5942 Burns 1914, Acts 1899 p. 343, 352, relating to contracts by county officials, an appropriation was necessary to support a contract for services rendered in discovering taxable property omitted from the tax duplicate, notwithstanding §10271 Burns 1914, Acts 1905 p. 15, providing that the expense of discovering and collecting taxes should be deducted from the gross amount of such collections.    p. 286.

7.  TAXATION.—*Omitted Taxes.—Search.—Contract.—Necessity for Antecedent Appropriation.—Curative Act.*—A curative act, passed in 1909 (Acts 1909 p. 20), declaring all acts of boards of county commissioners without an appropriation for the discovery of taxes to be legalized, was sufficient to validate a contract made prior thereto for the collection of taxes without an antecedent appropriation, regardless of the fact that such an appropriation was required prior to the passage of the curative act, by §5942 Burns 1914, Acts 1899 p. 343, 352, relating to contracts by county officers.    p. 287.

8.  CONSTITUTIONAL LAW.—*Impairment of Vested Rights.—Judgment.—Effect of Legalizing Act.*—Where a taxpayer, after payment to a tax ferret of money due under a contract entered into by the board of county commissioners, recovered judg-

ment for the county's portion of the amount paid to such ferret, and thereafter 'the legislature passed a curative act legalizing the acts of the board in employing him, and the record does not show on what ground the taxpayer recovered or that the same issues were therein adjudicated as raised in the tax ferret's suit for compensation, the act legalizing the contract by ,the board was not void as infringing on the powers of an independent branch of the state government or impairing the force of the taxpayer's judgment.   p. 288.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by Joseph B. Workman against the Board of Commissioners of the County of Wabash.   From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Will Anderson* and *Elmer E. Slick,* for appellant.
*Walter G. Todd, Carl E. Wood, Claris Adams* and *Miller & Dowling,* for appellee.

HARVEY, J.—In this action appellant seeks reversal of judgment allowing a recovery by appellee upon a contract between appellee and the board of commissioners of Wabash county, which provided that appellee should be paid by said county thirty-five per cent. of taxes due the county on account of omitted taxable property discovered by appellee, and that such per cent. should be due when such taxes were paid into the county treasury.

The assignments of error are based upon certain general propositions, the determination of which will dispose of all the specific points made.

The contract was made in July, 1905, by virtue of authority claimed by the board under the act of 1879,

1. Acts 1879 p. 130, §5766 R. S. 1881, §6016 Burns 1914. Said section is one of limitation, rather than a grant, of power to the board of commissioners to make contracts, but the section recognizes the propriety of contracts in case of "indispensable public necessity."

The board in its record recites that a large amount of personal property, consisting of mortgage notes, other notes, bonds, stocks, moneys, and other forms of credits, is annually escaping taxation and assessment, and that for many years last past has escaped taxation in Wabash county on account of the owners thereof refusing to list it for taxation; that the services of an expert are needed in making search and investigation of the records of Wabash and other counties and states for such omitted property; that therefore an indispensable public necessity exists; and because thereof said board entered into and spread of record a contract with appellee for said purpose.

It is urged by appellant that inasmuch as this claim was not filed by appellee ten days prior to the beginning of the term at which it was acted upon by the board, no action against the county can be maintained. The provision of the statute, §6016, supra, that such claim shall be filed ten days before the beginning of the term is to afford parties interested an opportunity to object. In this case the claim was disallowed, and this was a favorable ruling to all who might desire to object; hence, nothing more could have been accomplished if more time had been given for objections. After disallowance of the claim, claimant may appeal or file an independent suit, and in either course a trial de novo is provided.

The filing of a claim is "all the statute requires to give the board jurisdiction." *Myers* v. *Gibson* (1898), 152 Ind. 500, 53 N. E. 646. The opinion further states that "as the allowance was vacated by the appeal, and no longer existed, the claim, * * * was pending in the court below for trial de novo," citing *State* v. *Brewer* (1878), 64 Ind. 131; *Wright* v. *Wilson* (1884), 95 Ind. 408. The same effect follows where an independent suit is instituted, rather than an appeal taken;

therefore, the failure to file ten days before the term of the board began is not material.

The power of the board to make such a contract is questioned by the assertion that before the contract date said §6016, *supra,* was repealed by the Fee and Salary Act of 1891 (§142, Acts 1891 p. 199, 257, §8560 Burns 1894) in that said act described the services county officers should perform, including search for and assessment, by entry on the tax duplicate, of omitted property, and providing compensation therefor in favor of the county officers. The act of 1891, *supra,* did not have such an effect. *Garrigus* v. *Board* (1901), 157 Ind. 103, 60 N. E. 948; *Fleener* v. *Litsey* (1902), 30 Ind. App. 399, 402, 66 N. E. 82.

It is also asserted that this section was repealed by §147 of the act of 1881 (Acts 1881 p. 611, §6416 R. S. 1881), which, in substance, provides that when the county auditor receives credible information, or has reason to believe, that any property has been omitted from the tax duplicate, said auditor shall proceed to add such property; said section also provides that "no person other than the officials provided for in this law shall be employed by the county commissioners to discover omitted property."

The act of 1881 referred to did not repeal §6016, hereinbefore mentioned, but further limited the powers of the board under said §6016, and such powers as may have existed in the board independent of said section, in that it prevented the board from using an indispensable public necessity as a basis for contracting with others than county officials for the discovery of omitted property. *Vandercook* v. *Williams* (1885), 106 Ind. 345, 1 N. E. 619, 8 N. E. 113. The subject-matter of §6416, *supra,* was considered by the legislatures of 1891 and 1897, and amendatory, or re-enacting, laws were then adopted substantially the same as §6416, *supra,* ex-

cept the latter acts omitted the sentence above quoted. §10310 Burns 1914. The result of this action is that this specific limitation of the powers of the board to contract for indispensable public necessities was removed, or repealed, and in so far as search for omitted property was a public necessity, and the duty of making search was not imposed upon any county official, the board thereafter had power to contract with others therefor.

This view is supported by the opinion of this court, written by Judge Baker, in *City of Richmond* v. *Dickinson* (1900), 155 Ind. 345, 58 N. E. 260, which, though it actually deals only with the powers of city officers to contract, quotes the general laws regarding taxation of omitted county property, and points out the application thereof to the taxation of omitted city property, and holds that because said prohibition against contracting with others for such services was omitted from the later acts above mentioned, the counties and cities of the State may, so far as said prohibition is concerned, contract with others to discover omitted property, unless the county officials are obliged to search for omitted property as a part of the performance of their official duties. See, also, for inferential support of this view, *McCaslin* v. *City of Greencastle* (1913), 56 Ind. App. 54, 104 N. E. 871. We must, therefore, determine the obligation of county officials in this regard.

It is held that county assessors are not required to search for omitted property beyond the records of the county. *State, ex rel.* v. *Goldthait* (1908), 172 Ind. 210, 87 N. E. 133, 19 Ann. Cas. 737. *City of Richmond* v. *Clifford* (1914), 182 Ind. 17, 103 N. E. 789, 105 N. E. 385. It will be noted that the contract in this instance excluded any compensation to Workman on account of any omitted property carried to the county records as a result of the discovery thereof by any county

officer. We find by the record in this cause that it was tried on the theory that Workman could recover only for finding and reporting property not to be found by a search of the county records, and that the court so instructed the jury; and we must presume that the amount found by the jury in favor of Workman was on account of the discovery of property for which it was not the duty of the county assessor to search.

Section 6416, *supra,* does not make it the duty of the county *auditor* to search beyond the county records. *City of Richmond* v. *Dickinson, supra.* In the above opinion it is held that this court erred in holding in *Vandercook* v. *Williams, supra,* that §6416, *supra,* commanded the county auditor to so search. For a construction of similar contracts see *City of Richmond* v. *Clifford, supra; McCaslin* v. *City of Greencastle, supra.* When, therefore, such contracts do not attempt to obligate the county to pay others for services which the county officials are required to perform, the board may enter into such contracts as relate to matters of indispensable public necessity. *Board, etc.* v. *Garrigus* (1904), 164 Ind. 589, 607, 73 N. E. 82, 74 N. E. 249. The contract in this case does not cover services required of county officials, and, so far as this is concerned, is within the power of the board.

It is asserted by appellant that, as it does not appear that an appropriation of county funds existed for the purpose of paying for the services covered by said contract, the contract is void.

An appropriation is required by the act of 1899, §5942 Burns 1914, Acts 1899 p. 343, 352. It is also claimed that an appropriation is required by §5944 Burns 1914, *supra,* but so far as this last section bears on the case under consideration, it adds nothing to the provisions of §5942. It certainly

does not prevent courts from passing upon the rights of parties litigant, properly within the court's jurisdiction, where the question is whether or not an appropriation is necessary, under the acts of the legislature, to support a contract which is the subject-matter of a suit; therefore, §5942 is the only section that need be here considered.

Appellee argues that no appropriation was necessary for the making of a contract of this kind, because the act of 1905, Acts 1905 p. 15, §10271 Burns 1914, provided that all expense of discovery and collection of taxes should be deducted from the gross amount of such collections, and the balance distributed to the respective funds entitled thereto. It has been held that this section was not enacted for the benefit of parties so employed to discover omitted property, but was enacted to protect the county in event of refusal by the State, townships, and others entitled to distribution, to allow a credit in favor of the county for its reimbursement where it had incurred expense incident to the collection of such taxes; and it is held, therefore, that an appropriation is necessary to support such a contract, notwithstanding the section under consideration. *State, ex rel.* v. *Goldthait, supra,* 226.

It is claimed by appellee that the lack of an appropriation was rendered immaterial by the curative act passed in 1909 (Acts 1909 p. 20).

Inasmuch as the legislature might, or might not, in its discretion, require an antecedent appropriation, the legislature had the power to waive this requirement, and thus cure a contract which was void for want of an appropriation. So far as this point is concerned, the contract here involved was validated prior to the filing of this suit. *Johnson* v. *Board* (1881), 107 Ind. 15, 8 N. E. 1, and cases cited; *Stembel*

v. *Bell* (1903), 161 Ind. 323, 327, 68 N. E. 589, and cases cited.

After the labors of appellee had resulted in the discovery and assessment of a large amount of sequestered property, and the collection of taxes owing thereon, and the payment to appellee of the percentage thereof called for by said contract, a taxpayer of said county, on behalf and for the benefit of said county, sued appellee to recover the county's portion of the amount paid to appellee under said contract. The county treasurer and auditor were made defendants because there was then in the treasury a considerable sum claimed by appellee as his compensation on account of taxes thus collected for the the city of Wabash, with which city he had a similar contract, and the prayer of the complaint in aid of any judgment that might be rendered, was that the particular fund in possession of the county owing to appellee by the city of Wabash, and deducted from taxes collected for the city of Wabash, should be paid over to the county—a left-handed garnishment.

This action resulted in a judgment against appellee for such recovery. Thereafter, the legislature passed the curative act above mentioned; and it is argued that the rights of the parties hereto under said contract were fixed and vested by the judgment, and that the legislature could not cure a contract so adjudged to be void for want of an appropriation, and thus destroy a judgment of a co-ordinate, but independent, branch of the state government.

The record in this case is somewhat confused as to what is shown in reference to said judgment. Further consideration of the same justifies a holding that there was no issue made in this case as to whether matters here involved had, prior to said curative act, *supra,* been so far adjudicated that said legislative action could not

render nugatory the action of the court. In fact, it does not appear herein that the action against Workman above referred to involved the validity or invalidity of his contract for want of an appropriation. For all that appears herein, there may have been other reasons why the county should recover money paid to Workman, even though his contract was valid. We have in the record here only the judgment introduced, not under an answer of former adjudication, but simply to fix an amount, as was declared by the court at the time, theretofore paid to Workman, as an aid in determining what, if anything, was further due him under said contract; and we note by the record that the court instructed the jury that this was the only purpose for which said judgment could be considered by them. Neither the complaint nor the answer of Workman in the former suit is referred to in the proceedings here, or introduced in evidence.

So far as appears by the record in this cause, the act of the legislature did not infringe upon the independent powers of the court rendering such judgment, or impair the force of the judgment, and said curative act, so far as that is concerned, is effective.

The demurrers and motions to strike out, the rulings on which are herein assigned as error, were based upon propositions above decided, and though there might exist some doubt in the court's mind, on a strict question of pleading, as to whether said rulings were correct, there was no material harm in any of said rulings, in view of the fact that the cause was fully and fairly tried and decided upon its merits.

Having considered the objections to the instructions given by the court of its own motion, to those asked by appellee and given, and to those asked by appellant and refused; and having considered the causes assigned in

support of the motion for a new trial; and the trial court's ruling on the motion in arrest of judgment, this court does not find in any of said rulings reversible error, and the judgment is affirmed.

NOTE.—Reported in 116 N. E. 83. Power of a county to make a contract to search for property omitted from taxation, 4 Ann. Cas. 140; 11 Ann. Cas. 487; 4 L. R. A. (N. S.) 339; 38 L. R. A. (N. S.) 261.