## CALKINS *v.* EVANS and Another.

The answer of the defendant in chancery, under oath, can be overcome only by at least one witness and strong corroborating circumstances.

In chancery, the conclusions of the Court on the evidence presented, are entitled to the same weight as the verdict of a jury.

The verdict of a jury will not be set aside by the Supreme Court, unless it is clearly wrong.

APPEAL from the *Tippecanoe* Court of Common Pleas.

STUART, J.—*Calkins* had borrowed of *Evans*, as school commissioner, 408 dollars, and executed a mortgage to secure it. This loan, he alleges, was paid, and the bill seeks an account, and that the mortgage be satisfied, &c. The mortgage was dated *March* 22, 1840, and the alleged payments were as follows, viz.: *March* 12, 1841, 78 dollars and 25 cents; *January* 23, 1842, 90 dollars; *March* 22, 1843, 70 dollars and 26 cents; *March* 30, 1846, the balance, 130 dollars and 13 cents. It is alleged that 8 dollars and 35 cents of the first payment, and the whole of the second payment, 90 dollars, were never credited on the books of the school commissioner, nor in any other way.

In his answer, *Evans* admits that the first payment was 70 dollars, and denies the second payment totally. All the other payments are admitted. The answer is under oath, and the whole amount in controversy is 98 dollars. The Court, on final hearing, dismissed the bill. *Calkins* appeals.

The controversy is narrowed down to this: Is the evidence in the record sufficient to overcome the sworn answer of *Evans* denying the payment of the 98 dollars? To do this, *Evans's* answer must be contradicted by at least one witness and strong corroborating circumstances.

The opinion of the presiding judge is given at length in one of the briefs, as a part of the argument. But the view we take of the case renders it unnecessary that we should examine the positions assumed in the analysis of the evidence.

The conclusions of the Court below, on the final hearing, are not to be distinguished from the verdict of a jury. Had this been a verdict instead of a finding by the Court, we could not, under the well-settled practice of this Court, disturb it, even though we should be of opinion that had we tried the cause, we might have come to a different conclusion. One feature may be thought to distinguish this case from ordinary trials at law. The evidence is all written, in the form of depositions. The witnesses do not appear before the Court below. So that the test of credibility afforded by the appearance and manner of the witness is as much wanting in that Court as in this. We have, therefore, the same identical basis on which to form our judgment of the evidence, its weight, force and credibility, that the Common Pleas had. There is not even a shade or tint of variation.

We are not aware, however, that this distinction has ever been allowed. It will be readily seen that the same thing might also occur in a case at law, where the whole evidence was the depositions of foreign witnesses. Whether, in a case of great hardship, this distinction might not be made available as an exception to the rule, it is not necessary to decide. The facts of the case at bar do not require it. The answer of *Evans* is so nearly counterbalanced by one witness and corroborating circumstances, that a verdict of a jury either way ought not, in our opinion, to have been disturbed. When the Court, either by operation of law or by the agreement of the parties, has been substituted. for a jury, its conclusions are entitled to the same conside-

ration and respect. Such finding is not to be lightly set Nov. Term, 1854. aside. It must remain as the measure of the rights of the parties, unless it is clearly wrong.

*Per Curiam.*—The decree is affirmed with costs.

*R. C. Gregory,* for the appellant.

*H. W. Chase,* for the appellees.