Parker *v.* Medsker *et al.*

No. 8642.

## PARKER *v.* MEDSKER ET AL.

GUARDIAN AND WARD.—*Defalcation.*—*Bond.*—*Liability of Sureties.*—The sureties on a guardian's bond are not liable for defalcations which ante-date the bond, but only for acts done under the bond which they exe-cuted; but if, after the giving of the new bond, the guardian replaces and has in his possession moneys previously converted to his own use, the sureties on the new bond become liable therefor.

SAME.—*Second Bondsmen's Liability.*—*Pleading.*—*Review of Judgment.*—In an action upon a second bond, the complaint alleged that, on the making of the original appointment, the guardian received every part of his ward's estate and converted it to his own use, and ever since had used it in his private business; and that the amount now in his hands—that is at the commencement of the suit—is the sum of, etc., which he has failed, etc. *Held* sufficient on demurrer against the second bondsmen; and, therefore, that it was not error to sustain a demurrer to a complaint for the review of the judgment rendered on such complaint, alleging as a cause the in-sufficiency of the complaint in the original action.

PRESUMPTION.—*Trial Court.*—*Finding.*—When a case has been tried before the court without a jury, it may be presumed that its finding was not based on a view of the law inconsistent with its rulings on demurrer in the case.

From the Hendricks Circuit Court.

*J. B. Julian* and *J. F. Julian,* for appellant.

*L. M. Campbell* and *C. S. Denny,* for appellees.

WOODS, J.—Error is assigned upon the decision of the court in sustaining a demurrer for want of facts to the appellant's complaint, the object of which was to obtain the review of a judgment theretofore rendered against the appellant, the al-leged error in the proceedings being the overruling of the ap-pellant's demurrer, for want of facts, to the complaint on which the judgment was rendered.

The complaint in question was filed December 19th, 1876, and contains the following averments:

The State of Indiana, suing upon the relation of Albert A. Barnes, guardian of the person and property of Alpha Med-sker, a minor, complains of John Lingerman and William O.

Parker, and says: That on the 22d day of May, 1866, the said Lingerman was appointed the guardian of the person and property of said ward, by the court of common pleas of Hendricks county, Indiana, and by virtue of his appointment took into his possession all the property, both real and personal, of his said ward, all of which has since been converted into cash, and has ever since his said appointment remained and still remains in said Lingerman's hands, and has been by him used in his own private business ever since the same came into his hands as aforesaid. That on the 23d day of January, 1868, said Lingerman made a joint current report in said estate, and the estate of Annie J. Medsker, another of his wards, showing a balance in his hands at that date of $1,482, due in equal shares to his said wards; that he failed to make any report in said estate thereafter, until the 17th day of October, 1871, at which he made another joint current report, in which he charged himself with the sum of only $333.45 interest, when he should have charged himself with $512 on that account; that he failed to make any report thereafter until the 28th day of July, 1874, at which time he filed another joint current report, in which he charged himself with the sum only of $284.61 interest, when he should have charged himself with $517 on that account; that on the 27th day of October, 1875, he made another joint current report, charging himself therein with the sum of $140 interest, when he should have charged himself on that account with the sum of $320; that the amount now in his hands, due the plaintiff, for the use of the relator as such guardian, is the sum of $1,700; that on the 10th day of June, 1876, said Lingerman was removed and finally discharged from his said trust by order of the Hendricks Circuit Court, and on December 17th, 1876, the relator was appointed guardian of said ward, who had not yet attained his majority, and since his appointment the relator has frequently demanded a settlement with said Lingerman, and a payment of the money so held by him as aforesaid, but he has failed and refused, and still refuses to settle or to pay said money or any part thereof;

that on the 12th day of January, 1876, the defendants filed in the Hendricks Circuit Court their written bond and obligation, which was approved by the court, and is now in full force and effect, reciting the appointment of said Lingerman as such guardian at the date aforesaid, and conditioned for the faithful performance of his duties as such, a copy of which bond is filed as a part of the complaint, marked "Exhibit A." Wherefore, etc.

The copy of the bond which was made an exhibit, and which was in the penal sum of $4,000, corresponds in recital and condition with the averments of the complaint, and need not be set out here.

Counsel for the appellant, in their brief, say :

"It was the second bond given, the first one having been executed at the time of the original appointment, which was made May 22d, 1866. The complaint, as will be seen, alleges explicitly that, on the making of the original appointment, the guardian received every part of his ward's estate and converted it to his own use and has failed and refused to account for the same or any part of it. It shows that after receiving the money he made sundry settlements with the court, bringing forward against himself the principal, and as is alleged a part only of the interest for which he was liable, the last one of these settlements having been made the fall before the bond sued on was given, after which it is not alleged or even intimated that any additional funds were received by him, or false account rendered, or act of any kind done, legal or illegal, in connection with the trust. It is true, it is alleged, that he refused to account and pay over, but this is immaterial so far as the appellant is concerned, unless he was liable on his failure to account. The old theory in such cases, as it was understood by the court trying the case, and as the previous decisions justified, as was believed, was, that the new surety stepped into the shoes of the old one and assumed his liability whatever it was. This court, in the Hull case, 64 Ind. 421, changes the rule, and establishes the more equitable and just

one of holding the security liable only for the wrongs done under the bond he signs, and during its existence."

We adhere to the doctrine of *Lowry* v. *The State, ex rel. Hull,* 64 Ind. 421, to which counsel refer ; but the case stated in the complaint before us does not, as we conceive, come within the rule there enunciated. Counsel are not quite accurate in their summary of the averments, or in their statements of the legal effect, of the complaint. It is true that it is explicitly alleged that Lingerman had converted his ward's entire property into money, and that the same "has ever since his appointment remained and still remains in his hands, and has been by him used in his own private business ever since it came into his hands," and, if nothing else was averred, it might be deemed that this constitutes the gist of the complaint, and shows a conversion before the execution of the appellant's bond, for which he is not liable. But the complaint goes further, and after detailing the several reports made by the guardian, alleges that the amount now—that is at the time of filing the complaint—in the guardian's hands, due the relator as guardian, is the sum of $1,700, and that since his removal the said Lingerman had refused and still refused to account for and pay over the same or any part thereof. There is no necessary inconsistency in these averments. Lingerman may have converted the money to his own use, used it in his private business, and yet have replaced it, and if he did replace it, or have it in his hands as the trust money, after the execution of the bond in suit, he became liable under that bond to account for it, though at some previous time there may have been no such liability.

This we think a proper construction of the complaint, and it is one upon which the judgment rendered can be maintained.

We are satisfied, too, that this conclusion inflicts no hardship upon the appellant. The record shows that the case was not tried under a misapprehension by the court of the rule of liability, which applies in such cases. The appellant filed an

answer to the effect that all the moneys and other property in the hands of his co-defendant, Lingerman, had been converted by Lingerman to his own use, before the execution of the bond in suit, and while another bond, which the appellant did not sign, was in full force; and that all default, if any had been made by said Lingerman as guardian, was made during the time the first bond was in full force, and not after the execution of the bond in suit.

A demurrer to this answer, for want of facts, the court overruled. It is, therefore, fair to presume that the evidence showed a liability arising out of something done after the execution of the bond sued on ; and as, upon the construction which we have placed upon it, the complaint warranted such a judgment, it follows that the court committed no error in sustaining the demurrer to the complaint for a review of the judgment.

Judgment affirmed, with costs.