Mount, Trustee, *v.* The State, *ex rel.* Richey.

No. 9,661.

MOUNT, TRUSTEE, *v.* THE STATE, EX REL. RICHEY.

CONSTITUTIONAL LAW.—*Special Laws.*—*Mandamus.*—*Township Trustee.*—Special laws for the relief of local officers, without whose fault public funds for which they are responsible have been lost, are constitutional and valid; and where the officer, a township trustee, has supplied the lost funds, a special act directing that the amount be refunded to him out of the funds of the township may be enforced by mandamus.

From the Scott Circuit Court.

*W. K. Marshall* and *W. Trulock*, for appellant.

*C. L. Jewett* and *H. E. Jewett*, for appellee.

ELLIOTT, J.—William J. Richey, the relator, was the trustee of Finley township, and as such deposited, as his predecessors for a long time had done, funds of the township in a private bank of another State; the bank failed, the money was lost, and Richey reimbursed the township. The taxpayers petitioned the Legislature to refund the money to him, and, in accordance with the prayer of the petition, an act was adopted directing that the township trustee should refund it; the trustee refused, and Richey applied for and received a writ of mandate.

It is true that public officers are bound at their peril to safely keep the public money entrusted to their custody. *Halbert* v. *State, ex rel.*, 22 Ind. 125; *Inglis* v. *State, ex rel.*, 61 Ind. 212. It may be true that the policy of refunding money to an officer who has lost it by the failure of a bank is a vicious one and to be condemned, but it affords no ground for overturning a legislative enactment. Courts can not overthrow legislative acts upon the ground that they are vicious in their policy or evil in their tendencies. *County of Livingston* v. *Darlington*, 101 U. S. 407. Statutes must stand unless found repugnant to some express provision of the Constitution. A learned judge of this State has stated with unusual clearness and vigor the rule on this subject: " The legislative authority of this State," said he, " is the right to exercise supreme and sovereign

power, subject to no restrictions except those imposed by our own Constitution, by the Federal Constitution, and by the laws and treaties made under it." *Beauchamp* v. *State,* 6 Blackf. 299.

The claim of the relator could not have been enforced by an action prior to the adoption of the act passed for his relief, and if it be true, as contended, that the Legislature can only provide for the payment of claims enforceable by a civil action, this appeal must be sustained. But this is not true. In *Town of Guilford* v. *Supervisors, etc.,* 13 N. Y. 143, it was said: "The Legislature is not confined in its appropriation of the public moneys, or of the sums to be raised by taxation in favor of individuals, to cases in which a legal demand exists against the State. It can thus recognize claims founded in equity and justice in the largest sense of these terms, or in gratitude or charity. Independently of express constitutional restrictions, it can make appropriations of money whenever the public well-being requires or will be promoted by it; and it is the judge of what is for the public good." This, although too broadly stated, is the doctrine of the cases of *Thomas* v. *Leland,* 24 Wend. 65; *Brewster* v. *City of Syracuse,* 19 N. Y. 116; and *New Orleans* v. *Clark,* 95 U. S. 644. We do not approve the doctrine to the extent it is carried in the extract quoted, but we do hold, that in so far as it declares that the Legislature is not confined in the allowance of claims to such as are enforceable by action, the decision is correct. This general principle is involved in, and sustained by, the cases to be presently noticed.

It would be a violation of the principles underlying our governmental structure for courts to sit in judgment on the action of the Legislature allowing relief to individual claimants against the State or its funds, and review their decision solely upon the ground that there was no legal foundation for the claims. A conflict would result which would produce endless confusion and serious disaster.

The granting of relief to individual claimants is not

within the provision of our Constitution, which prohibits the enactment of special laws. Each claim stands on its own merits; a general law could not be made applicable, and when general laws are not applicable special ones may be enacted. It is only where general laws are applicable that special laws are forbidden.

Township business can not be regulated by special or local laws, but a law requiring reimbursement to an officer is not a regulation affecting township business; it is an act granting special relief in a particular case. The term "business," as employed in the Constitution, does not apply to acts granting relief in particular and extraordinary cases. The term "busi-ness," when applied to a public corporation, signifies the conduct of the usual affairs of the corporation, and the conduct of such affairs as commonly engage the attention of township and county officers. It does not mean the performance of an act which can be done only in a particular case and by authority of a special law.

Reimbursing a public officer for the loss of public funds, occurring while he is engaged in discharging public official duties, can not be deemed an appropriation to private purposes. It was decided in *Board, etc.,* v. *McLandsborough,* 36 Ohio St. 227, that the Legislature may exonerate from responsibility a public officer who has lost public money, and that there is no constitutional provision infringed in the adoption of such an act. The court declared that such a power was a purely legislative one, and added that, "Indeed, it is difficult to fix any limit to the power of the General Assembly in this respect, where the funds so lost were raised by taxation, which, as we have said, is clearly a legislative power." It is, perhaps, true, that the Legislature can not authorize the assessment of a tax for a mere private purpose, but that is not the case before us. It is quite clear that the Legislature might have provided in what case township officers should not be responsible, and if this be so it must necessarily follow that the matter is a public one.

Township officers are agents of the sovereign power, and the money in their hands is, for public purposes at least, in the control of the sovereign. It is a mistake to suppose that money derived from the taxation of the citizens of a township or county is beyond legislative control. In the case of *Lucas* v. *Board*, etc., 44 Ind. 524, it was decided that funds derived from taxation are under legislative control, and the court approved the case of *Dennis* v. *Maynard*, 15 Ill. 477, where it was said: "The State does not allow itself to be sued, but it may hear, investigate and determine its own indebtedness, and assume the debts due to, or from others. So it may direct the county authorities to ascertain and allow just claims upon the public treasury, or may ascertain and fix that amount, and direct the raising of means, by taxation, for its payment. The public, county, and township funds are under legislative control, and so decided in *The County of Pike* v. *The State*, 11 Ill. 202; and *The County of Richland* v. *The County of Lawrence*, 12 Ill. 1." Another case, approved and adopted in *Lucas* v. *Board*, etc., holds this doctrine: "The General Assembly, having the legislative power of the State, determines to what local uses the county funds shall be applied. Its determination and direction may operate unwisely, harshly and unjustly, but that is no argument against its power to direct." This general doctrine is carried very far in the case of *City of Indianapolis* v. *Indianapolis Home*, etc., 50 Ind. 215, wherein it is held that funds of the city may be directed to be paid to a charitable corporation. The subject here under discussion was considered in the case of *New Orleans* v. *Clark*, 95 U. S. 644, and it was said: "A city is only a political subdivision of the State, made for the convenient administration of the government. It is an instrumentality, with powers more or less enlarged, according to the requirements of the public, and which may be increased or repealed at the will of the Legislature. In directing, therefore, a particular tax by such corporation, and the appropriation of the proceeds to some special municipal purpose, the Legislature only exercises

a power through its subordinate agent which it could exercise directly; and it does this only in another way when it directs such corporation to assume and pay a particular claim not legally binding for want of some formality in its creation, but for which the corporation has received an equivalent."

This case presents no question as to the right of the Legislature to divert township funds to any other than local or township purposes, and although some of the opinions quoted in *Lucas* v. *Board, etc.,* seem to hold that such funds may be directed to any purpose, general or local, we, in referring to them, do not mean to be understood as approving them to that extent; we do no more than decide that the Legislature has power to direct the application of township funds to the payment of claims growing out of the discharge of official duties by the trustee, where the claims are of a public nature.

Judgment affirmed.