Filed Dec. 9, 1886.

———◆———

No. 13,120.

## McCONNELL ET AL. *v.* HUNTINGTON, ADMINISTRATOR.

NEW TRIAL.—*Affidavits.*—*Record.*—*Bill of Exceptions.*—Affidavits in support of a motion for a new trial can only be made part of the record by order of the court or bill of exceptions.

WITNESS.—*Decedents' Estates.*—*Parties.*—Where the action is against an administrator to recover money from the decedent's estate, parties to the record are not competent witnesses as to matters which occurred prior to the death of the decedent.

SUPREME COURT.—*Weight of Evidence.*—*Equity Cases.*—The Supreme Court will not disturb the finding of the trial court upon the weight of the evidence, either in law or equity cases.

From the Marion Circuit Court.

*B. F. Davis,* for appellants.

*A. W. Hatch,* for appellee.

ELLIOTT, C. J.—The questions presented by the record in this case arise on the ruling denying the appellants a new trial.

The affidavits in support of the motion for a new trial are not brought into the record by a bill of exceptions, and can not be considered by us. It is well settled that affidavits in support of a motion can not be incorporated in the record

by making them part of the motion; the proper method of getting them into the record is by a special order of court or a bill of exceptions.

The action was against an administrator to recover money from an intestate's estate, and as the appellants were parties to the record, the court did right in ruling that they were not competent witnesses as to matters that occurred prior to the death of the decedent. R. S. 1881, section 499.

Under our code, the rule forbidding this court from disturbing the finding of the trial court upon the weight of the evidence, is the same in suits in equity as in actions at law. *Lake Erie, etc., R. W. Co.* v. *Griffin*, 107 Ind. 464.

Judgment affirmed.

Filed Oct. 9, 1886; petition for a rehearing overruled Dec. 11, 1886.