YELTON ET AL. *v.* PLANTZ, TRUSTEE

[No. 28,560.  Filed January 10, 1950.]

80

*Paul E. Reed* and *William J. Reed,* both of Knox, for appellants.

*Charles C. Campbell, J. Murray McCarty;* and *Brown & Brown,* all of Rochester; *Schortemeier, Eby & Wood* (of counsel), of Indianapolis, for appellee.

STARR, J.—The appellants brought this action as resident taxpayers of Aubbeenaubbee Township, Fulton County, Indiana, against the appellee as trustee of both the civil and school townships, seeking to enjoin him from carrying out a contract for the construction of a schoolhouse in said township. From a finding and judgment in favor of the appellee, this appeal is taken. A special finding of facts and conclusions of law thereon were rendered, upon which finding and conclusions the judgment herein appealed from was rendered.

The allegations in the appellants' amended complaint on which this cause was tried are substantially as follows: That appellants are taxpayers of said township and that the appellee is the trustee thereof; that on July 18, 1946, the appellee advertised for bids for the construction of a school building for said town-

ship according to the plans and specifications then on file in the office of the appellee; that the plans and specifications were for the erection and completion of a school building and gymnasium, including all plumbing and electrical equipment therefor. The notice for bids called for three separate contracts—one for the construction of the building proper—one for the installation of the plumbing—and one for the installation of the wiring and electrical fixtures; that bids were received on each contract; that the total of the low bids was approximately $21,000 in excess of the monies appropriated and on hand for the erection of said building; that thereupon said plans and specifications were scaled down and materially altered; that without re-advertising for bids, the appellants entered into written contracts with those who had been the low bidders, which contracts provided for the construction of said school building as altered and changed for a total amount within the available appropriation; that each of the contractors agreed, for a certain sum, to furnish and install all the portion of his part of the construction which had been deleted as herein described, when a tax levy was made to pay for same, and appellee agreed that he would cause such "tax levies to be made"; that the total amount of the offers for the completion of the deleted portion of said building by the contractors was $23,000 for which there has never been an appropriation; that the obligations of this contract caused the debt of the township to be in excess of two per cent of the assessed valuation of the property thereof.

After this action was started, and before the amended complaint herein was filed, the Indiana General Assembly enacted a law to validate the aforesaid contracts, which is Chapter 192 of the Acts of 1947,

which, omitting the recitals therein and the emergency clause, reads as follows:

"Section 1. All acts of the trustee and the advisory board of Aubbeenaubbee township, Fulton County, authorizing the modification of said specifications and plans, accepting the bids as revised and letting contracts pursuant to said modifications and revisions as well as construction work done pursuant to such contracts are all hereby legalized and rendered valid and said contracts shall remain and continue in full force and effect."

The appellants aver in this complaint that this statute is in violation of certain provisions of our Constitution as hereinafter set out.

At the outset, we desire to state that this complaint fails to allege any agreement between the appellee and the contractors to complete those portions of the building not included in the original contract. Certainly appellee could not cause a tax levy to be made to pay for such completion. All that is alleged is that the contractors made offers of completion which were never accepted.

There is no dispute in the evidence in this case. It substantiates all the allegations of the complaint, except there is no evidence that the contracts as awarded exceeded the debt limit of the township, nor was there any evidence that any contracts were executed to complete those portions of the building not included in the original contracts.

Among others, the appellants have assigned as errors the overruling of their demurrers to the appellee's second and third paragraphs of answer. Appellants could not have been harmed by these rulings, as none of the facts relied upon as defenses in said answers were found to be true in the special finding of facts. Appellants admit in their brief

that they were not harmed by the court's rulings on these demurrers; for these reasons we will give these rulings no further consideration.

We will now consider the grounds for reversal relied upon by the appellants.

Appellants contend that the material alteration of the plans and specifications, followed by the award of contracts for the construction of the schoolhouse without readvertising for bids was not in compliance with § 65-319, Burns' 1943 Replacement, and therefore, void as provided by § 65-321, Burns' 1943 Replacement. With this contention we agree. *Moss* v. *Sugar Ridge Tp.* (1903), 161 Ind. 417, 68 N. E. 896; *Oppenheimer* v. *Greencastle School Tp.* (1905), 164 Ind. 99, 72 N. E. 1100; *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637, 66 N. E. 909.

It is our opinion however, that even though a public contract may be void due to the fact that all the legal formalities in its awarding have not been complied with, yet, such contract may, under certain circumstances, be made valid by curative legislation. An eminent authority has stated these circumstances as follows:

"The rule applicable to cases of this description is substantially the following: If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by a subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." *Cooley's, Constitutional Limitation,* 775, 776 (8th Ed. 1927).

This quotation, in substantially the same form from an earlier edition of this work, was approved in *Sithin* v. *The Board of Commissioners of Shelby County* (1879), 66 Ind. 109.

Had this statute required notice to the citizens of the township before any contract could be let, a different question would be presented. This court in *Strosser* v. *The City of Fort Wayne* (1884), 100 Ind. 443, not only held that notice of some kind is necessary where the question of due process as guaranteed by the Constitution is involved, but, also that a curative statute cannot dispense with notice to the citizens where the matter to be cured was had under a statute which required such notice in order to acquire jurisdiction. Furthermore, had there been a lack of power on the part of the appellee to contract for the construction of a schoolhouse this curative statute would not have been valid. *Seitz* v. *Mosier* (1922), 192 Ind. 416, 136 N. E. 840.

The defect attempted to be cured by the statute before us, was the failure to give notice to bidders, as required by said § 65-319 Burns' 1943 Replacement. This statute does not require any notice to the citizens of the township. Under any view of the law, the appellee, at the time the contracts were executed, had jurisdiction of the subject matter. Notice to bidders for said construction might lawfully have been dispensed with in the original statute; such advertisement is not to give notice to property holders. *Ross* v. *Stackhouse* (1887), 114 Ind. 200, 16 N. E. 501. What happened here falls within the rule that an act defectively or irregularly executed by a public officer or in a legal proceedings may be validated by a subsequent statute. See *Johnson* v. *The Board of Commissioners of Wells County et al.* (1886), 107 Ind. 15, 8 N. E. 1; *Kelly, Treasurer* v. *The State ex rel. First*

*National Bank of Frankfort* (1883), 92 Ind. 236; *Board, etc.* v. *Workman* (1917), 186 Ind. 280, 116 N. E. 83. The case last cited held that a contract made without an appropriation by a county, as required by law, although void, may be cured by a subsequent statute. It is true it is said in *Zorn* v. *Warren-Scharf, etc., Paving Co.* (1908), 42 Ind. App. 213, 84 N. E. 509, wherein a street improvement was held void, that the failure to give notice to bidders in a public improvement as required by statute, is the failure to take a jurisdictional step. But this case did not have to do with the question of whether this failure could be corrected by curative legislation. This court, in *Johnson* v. *The Board of Commissioners of Wells County, et al., supra,* at page 28 of the Indiana Reports, as quoted with approval from *State ex rel.* v. *Squires* (1868), 26 Ia. 340, as follows:

> "Nor is the power of the legislature to cure defective or irregular proceedings limited by the fact, that, but for such curative act, the defective proceedings would be wholly invalid or inoperative."

See also *Gardner et al.* v. *Haney et al.* (1882), 86 Ind. 17; *Walpole* v. *Elliott* (1862), 18 Ind. 258.

The appellants insist that the acts of the appellee amounted to fraud on the taxpayers and the school patrons of said township, and that the courts will not read into a legalizing statute the intendments by the legislature to legalize conduct amounting to fraud on the taxpayers. The complaint herein is not based upon fraud, nor are we able to agree that the allegations therein amount to fraud. The evidence discloses that the contracts were entered into with the consent of the township advisory board. The evidence was also sufficient to support the inference that the appellee acted

with honest intent and to meet an emergency. In the case of *State ex rel.* v. *Farris* (1925), 197 Ind. 128, 150 N. E. 18, the acts of the trustee and the advisory board of a township which were complained of in contracting for the erection of a schoolhouse, were similar to those herein claimed to be fraudulent. It was there held in a suit to recover from the trustee monies allegedly paid under the contract, that an equitable defense could be made without showing an estoppel on the part of the taxpayers.

It is urged that the involved act being a local or special statute, violates subsection 10 of § 22 of Article 4 of our Indiana Constitution, as it regulates township business. The case of *Mode et al.* v. *Beasley et al.* (1895), 143 Ind. 306, 42 N. E. 727, is a complete answer to this contention. There it was held that a special statute relocating a county seat, was not county business. In that opinion, at page 316 of the Indiana Reports, this court quoted with approval from *Mont, Trustee* v. *The State ex rel. Richey* (1883), 90 Ind. 29, as follows:

> "Township business can not be regulated by special or local laws, but a law requiring reimbursement to an officer is not a regulation affecting township business; it is an act granting special relief in a particular case. The term 'business' as employed in the constitution, does not apply to acts granting relief in particular and extraordinary cases. The term 'business' when applied to a public corporation, signifies the conduct of the usual affairs of the corporation, and the conduct of such affairs as commonly engage the attention of township and county officers. It does not mean the performance of an act which can be done only in a particular case and by authority of a special law."

Again, in *Johnson* v. *The Board of Commissioners of Wells County, et al., supra,* which involved the question

whether a special statute legalizing the records and action of the Board of County Commissioners of Wells County in relation to the construction of a gravel road and the assessments made and bonds issued thereunder, this court held such statute did not regulate county business. It was not an act for the laying out etc., of a gravel road, but, as in the case before us, to correct the mistakes and omissions of the board in providing for the road under the general act then in force. See also *Kelly, Treasurer* v. *The State ex rel. First National Bank of Frankfort, supra,* and *Board of Com'rs, etc., et al.* v. *State ex rel. Brown et al.* (1897), 147 Ind. 476, 46 N. E. 908.

The appellants next challenge this special act as violating § 23 of Article 4 of our Constitution. This section provides: "In all cases enumerated in the preceeding section, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state."

Whether a general law can be made applicable is a matter for judicial determination. *Heckler* v. *Conter* (1933), 206 Ind. 376, 187 N. E. 878, overruling *Gentile* v. *The State* (1868), 29 Ind. 409. It is our determination that a general law could not have been made applicable in the case before us, as this is a curative statute. A curative statute from its very nature and because of the purpose to be accomplished by it, must necessarily be based solely on conditions already existing. The object of such a statute is to effect a remedy for present conditions. Due to this fact, curative acts are properly held not to come within the constitutional inhibition against special legislation. 50 Am. Jur., Statutes, § 61; *San Pedro, L. R. & S. L. R. Co.* v. *Hamilton* (1911), 161 Cal. 610, 119 Pac. 1073; *The State* v. *Pauley* (1910), 83 Kan. 456, 112 Pac. 141. For further citation of authorities

see Note 1 to the above cited section of American Juris-
prudence. We are further fortified in this conclusion
by the fact that this has been the construction of this
particular section of our Constitution by our legisla-
ture for many years; this fact alone is persuasive.
The construction placed on this section by a coordinate
branch of our government should not be ignored by us.

It is next contended that this curative act when con-
sidered with Chapter 217 of the Acts of 1947, is in
violation of § 1, Article 13 of our Constitution,
which limits the amount of indebtedness that
may be incurred by a political subdivision of
the state; and, also, when so considered, is in violation
of Article 10, § 1 of our Constitution, which provides
for a uniform and equal rate of assessment and taxa-
tion throughout the state. We are at a total loss to see
how said Chapter 217 has any bearing on this case.
Said Chapter 217 has to do with the advancement of
state tuition funds under certain contingencies to
school townships and has no connection whatsoever
with the question now under consideration, namely,
whether or not the involved contract was validated by
the above-mentioned act of the legislature. Nor is
§ 3 of Article 10 of our Constitution involved in this
litigation. This is the section which provides that no
money shall be drawn from the treasury but in pursu-
ance of an appropriation made by law. This has refer-
ence to the state treasury. In *Board, etc.* v. *Workman,*
*supra,* it was specifically held that a contract made
without an appropriation by a county may be cured
by a subsequent statute. Furthermore, the undisputed
evidence shows that there had been an appropriation
made in a sufficient amount to meet the contracts as
executed.

The appellants also averred in their complaint that

this act violates § 1 of Article 3 of our Constitution but have failed to brief this question.

Lastly, the appellants contend that the finding of facts is contrary to law. They have attempted to point out that the trial court failed to find ultimate facts which were supported by the uncontradicted evidence, and that other ultimate facts were found which were not supported by the evidence. It will not be necessary to go into detail as to any of these contentions. The decision herein is a negative decision against the appellants, plaintiffs below, who had the burden of proof. The finding of facts, however defective, is not contrary to law unless the evidence entitled the appellants to relief which was denied them. See *Rowe* v. *Johnson* (1944), 223 Ind. 289, 60 N. E. 2d 529; *Wilson, Admx.* v. *Rollings* (1937), 214 Ind. 155, 14 N. E. 2d 905. In our opinion the evidence herein does not entitle the appellants to any relief.

For the reasons herein stated, the judgment of the trial court is hereby affirmed.

NOTE.—Reported in 89 N. E. 2d 540.