McFARLAND *v.* CHRISTOFF ET AL.

[No. 18,019. Filed May 22, 1950. Rehearing denied June 15, 1950.]

418

Draper, J., not participating.

*Kenneth Call,* of Gary, for appellant.

*Draper & Eichhorn,* of Gary, for appellees.

ROYSE, C. J.—Appellant brought this action against appellees on a promissory note and to foreclose a mortgage given to secure the payment thereof. Pursuant to proper request, the trial court found the facts specially and stated as its conclusion of law thereon "that the law is with the defendants herein." Judgment accordingly. The error assigned here is the overruling of appellant's motion for a new trial and that the trial court erred in its conclusion of law.

The findings of fact may be summarized as follows: On January 20, 1943 appellees were the owners of certain described real estate in Lake County. On said date appellees, for a valuable consideration, executed and delivered to appellant their certain promissory note due three years from date for the principal sum of $5,000 and attorney fees, with interest from date at the rate of 5% per annum payable semi-annually, negotiable and payable at the Gary State Bank, Gary, Indiana. The note provided appellees could, at any time, make payments of $100 or any multiple thereof on the principal and the interest provided for should be on the unpaid balance. On said date, to secure the payment of said note appellees executed and delivered their certain mortgage on the real estate described. This mortgage provided that upon failure to pay said note, or any part thereof, at maturity or the interest thereon, or any part thereof, when due, then said note is to be due and collectible and the mortgage may be foreclosed accordingly.

Said mortgage was duly and properly recorded and the intangible tax laws of this state complied with. Appellant has received nothing in payment of said indebtedness. The Gary National Bank and the Gary State Bank are one and the same institution.

On July 20, 1944, appellees made a tender in currency of the United States of the sum of $5,375 to the

Gary National Bank in payment of said note. Said Bank refused to accept the money so tendered. On said last mentioned date appellees, by and through their attorneys, called the attorney of appellant by telephone and advised him appellees desired to pay the full amount of the indebtedness and were advised by the attorney for appellant he had no authority to accept payment and he refused same.

On November 6, 1948 appellees paid into the trial court by payment into the office of the clerk thereof for the use and benefit of appellant the sum of $5,375 under a plea of tender filed on said date. All tenders referred to were legal tenders.

On July 20, 1944 the note and mortgage were not in the possession of appellant's attorney for collection or otherwise. They came into his possession for collection in the early part of February, 1948. Said note and mortgage were not, on July 20, 1944 and never have been, in the possession or custody of the aforementioned bank for collection or otherwise. That said note and mortgage have at all times, up to the month of February, 1948, been in the possession of appellant; that appellant is entitled to interest on said note and mortgage up to and including July 20, 1944; that the amount of principal and interest due on said note and mortgage on said last mentioned date was $5,375. Appellant is entitled only to said sum which appellees tendered into court and is now in the hands of the court.

The judgment of the trial court was that appellant take nothing over and above the amounts tendered by appellees, which sum was in the hands of the court, and that appellees recover their costs.

The specifications of the motion for a new trial are: (1) The decision of the court is not sustained by sufficient evidence; (2) it is contrary to law.

This being an appeal from a negative decision, the first specification of the motion for a new trial presents no question. *Wilson, Administratrix* v. *Rollings et al.* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Royal Lease* v. *G. & A. Truck Lines, Inc.* (1950), 120 Ind. App. 78, 90 N. E. 2d 351. We cannot agree with appellant's contention that this rule does not apply where the facts have been found specially and there is a finding that is not sustained by the evidence. *Yelton* v. *Plantz* (1950), 228 Ind. 79, 89 N. E. 2d 540, 545.

Appellant says the decision of the trial court is contrary to law because a tender of payment of a debt secured by a mortgage does not discharge the debt nor the lien of the mortgage. Also, that special finding No. 20 is a conclusion of law and must be disregarded, and if it is a finding of fact it is not sustained by the evidence.

"A bona fide, legally sufficient tender by a debtor, even though refused by the creditor, does not operate to discharge or extinguish the principal debt or obligation; it is operative, however, as a discharge or extinguishment of those things which are accessorial and incidental to the principal obligation, and prevents the addition of any further increment which would otherwise accrue to the unpaid obligation, and ordinarily discharges from further operation any collateral undertakings that may have been given for the better security of the creditor." 52 Am. Jur., p. 240, § 35. It is generally recognized that a tender of the mortgage debt on the day it is due discharges the mortgage and operates as a defense to an action thereon. *McClellan* v. *Coffin* (1884), 93 Ind. 456, 463, 464; 36 Am. Jur. 907, § 437.

According to the weight of authority a tender of payment of a mortgage debt after maturity and before

foreclosure has the same effect as a tender on the day the obligation is due. *McClellan* v. *Coffin et al., supra;* 36 Am. Jur., p. 907, § 438; 52 Am. Jur., p. 227, § 18.

On the record before us in this case it is apparent the debt which the mortgage secured was past due. As heretofore shown by the special findings, the whole debt became due upon default in the payment of interest when due. Appellees were required to pay interest semi-annually but the findings show that up to the time of tender eighteen months after the execution of the note and mortgage they had paid no interest. In this case the acceleration clause was absolute and not a mere option in favor of appellant. Therefore, the note and mortgage herein became due after default in interest due July 20, 1943. *Buchanan et al.* v. *The Berkshire Life Insurance Company et al.* (1884), 96 Ind. 510, 520; *Moore* v. *Sargent* (1887), 112 Ind. 484, 14 N. E. 466; *Kerbaugh* v. *Nugent et al.* (1911), 48 Ind. App. 43, 51, 95 N. E. 336; *Voris* v. *Farrell et al.* (1914), 57 Ind. App. 1, 103 N. E. 122 (Transfer denied). If appellees made a good tender after their default but before appellant commenced foreclosure proceedings, they have a good defense to this action.

The maker of a note payable at a particular bank may resort to that bank to make a valid tender, and where tender is made at such bank it operates as a tender sufficient to save the rights of the debtor or prevent the accrual of additional liabilities, even though the note is not then at the bank. 52 Am. Jur., p. 225, § 15. See also 52 Am. Jur., p. 228, § 19, stating that where tender is made to the specified bank and refused, the maker is entitled to the rights stated above.

Regardless of whether special finding of fact No. 20 was a conclusion of law, it is only where the evidence

in the record leads inescapably to the sole conclusion that an appellant was entitled under the law to relief which was denied him that we may reverse on the ground the decision is contrary to law. *Yelton* v. *Plantz, supra; Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529. We are of the opinion that the evidence herein does not entitle appellant to any relief. Therefore, it is immaterial whether the trial court's special finding No. 20 was a conclusion of law or a finding of fact.

Finally, appellant says the trial court erred in its conclusion of law No. 1. In support of this contention she says it was the duty of appellees to seek her and pay their debt; that the tender made by appellees was invalid because not made to appellant nor to the bank for her use and benefit, and the bank did not hold the note and mortgage for collection or otherwise.

Generally, a tender to be legal and effective must be made in money by the payor or his representative to the payee or his representative at the proper time and place. Any of the conditions necessary to make a tender legal may be waived. 59 C. J. S., p. 717, § 455-(3) d. In this case the parties stipulated "That all tenders herein referred to were legal tenders." This stipulation is conclusive upon the parties and could not be contradicted by evidence showing the facts to be otherwise.

Finding no error, the judgment is affirmed.

Draper, J., not participating.

NOTE.—Reported in 92 N. E. 2d 555.

## ON PETITION FOR REHEARING

ROYSE, C. J.—In her petition for rehearing appellant says we erred in our original opinion when we

said: "This being an appeal from a negative decision, the first specification of the motion for a new trial presents no question," because she asserts the decision of the trial court is based on an affirmative paragraph of defense.

In the original briefs filed in this cause, the appellees, as Proposition I, Point A, said:

> "An assignment in the motion for new trial that the decision is not sustained by sufficient evidence raised no question for the determination of this court where, as here, the appellant was an unsuccessful plaintiff below, and the decision appealed from is, as to him, a negative decision.
>
> "Therefore, no question is raised by this assignment." (Citing authorities).

In her reply brief, in answer to this contention of appellees, appellant said:

> "We do not disagree with the proposition of law cited under Point A of Proposition I of Appellees' brief, but say that this rule of law does not apply to a case where the facts have been found specially under the statutory procedure, in which special finding of facts there appears a finding of fact that is not sustained by the evidence." (Citing no authorities).

Nowhere in her original briefs did appellant make the contention she now makes in reference to the first specification of her motion for a new trial. In our original opinion we decided this matter on the question raised by the parties in their briefs. Therefore, we are of the opinion that, while the rule we announced in the original opinion does not apply where the decision of the trial court is based on an affirmative paragraph of answer, appellant, by her failure to raise that question in her reply brief, waived it.

On the last page of our original opinion, in holding the decision of the trial court was not contrary to law, we said: "We are of the opinion that the evidence herein does not entitle appellant to any relief." After a re-examination of the record in this case we adhere to that statement.

Other questions raised by the petition for rehearing were adequately covered in the original opinion.

Petition for rehearing denied.

Draper, J., not participating.

NOTE.—Reported in 92 N. E. 2d 867.