METRAILER ET AL. *v.* BISHOP ET AL.

[No. 18,988.  Filed November 5, 1959.]

78

*Hasley & Eggers,* of Fort Wayne, for appellant.

*Hilgemann, Congdon, & Kaag, Paul E. Congdon* and *James P. Murphy,* all of Fort Wayne, for appellees.

COOPER, J.—This appeal arises out of an action brought by the appellants in Superior Court No. 3 of Allen County, Indiana, for an injunction against the appellees to prevent alleged irreparable damages to the appellants' property in that the appellees were going to construct, operate and maintain a sewage treatment plant, the effluent from which will flow onto and across the appellants' land.

The appellants' complaint was in one paragraph and the issues were joined by the appellees' answer in one paragraph.

The cause was submitted to the court for trial and at the written request of the appellants herein, the court entered special findings of fact and stated its conclusion of law thereon, which is as follows:

"The law is against the plaintiffs and in favor of the defendants and the injunction should be denied." ·

Thereafter, the trial court rendered the following final judgment in favor of the appellees herein:

"IT IS, THEREFORE, considered, ordered, adjudged and decreed, on the amended special findings of fact and conclusions of law, that the law is for the defendants and against the plaintiffs, and that the injunction prayed for be and it hereby is denied, at costs of the plaintiffs."

Thereafter, the appellants filed their motion for a new trial which the court overruled. The motion for a new trial set forth the following grounds:

"1.   The decision of the court is not sustained by sufficient evidence.
"2.   The decision of the court is contrary to law."

The only error assigned here is the overruling of that motion.

This being an appeal from a negative judgment, the assignment of error, "The decision of the court is not sustained by sufficient evidence," presents nothing for our consideration. The general rule of law under such circumstances is well stated in the case of *Leckrone* v. *Lawler* (1954) (T. D. 1954), 125 Ind. App. 35, 37, 118 N. E. 2d 381, wherein we held: "As the finding was negative to appellants who had the burden of proof, they cannot challenge the insufficiency of the evidence to sustain the finding, *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N. E. 2d 594; *Wilson, Admrx.* v. *Rollings, et al.* (1938), 214

Ind. 155, 158, 14 N. E. 2d 905." See also *Hinds, Executor Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 40, 41, 129 N. E. 2d 553.

The appellants also assert the decision is contrary to law, which, as pointed out in the case of *Leckrone* v. *Lawler, supra,* they may do. However, "It is only where the evidence is without conflict and can lead to but one conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 78 N. E. 2d 447, *supra*". *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

Appellants concede that findings numbered 1, 2, 3, 8, 9, 10, 12, 15, 16, 17, 20 and 24 are correct. They variously attack the remaining findings. Reference to these will be hereafter made. However, at the outset, we must stand reminded that this is singularly an equitable proceeding in which appellants sought, but were denied, an injunction. It follows that appellants cannot attack the decision for insufficiency of the evidence to sustain it, as we have hereinbefore pointed out, but are confined to the specification that the decision is contrary to law, that is, that they were denied relief to which, under the evidence, they were entitled.

The general rule of law applicable to this proposition is well stated in the case of *Bulen* v. *Pendleton Banking Co.* (1948), 118 Ind. App. 217, at 229, 78 N. E. 2d 449, wherein the court stated:

> "In our examination of the record we have failed to find any undisputed evidence which leads inescapably to the establishment of an ultimate fact not found by the court, but which, if found, would necessitate a different conclusion of law from those rendered by the court. In this connection it must be remembered that the

trial court as the trier of the facts was the exclusive judge of the weight of the evidence, the credibility of the witnesses, the exclusive judge of what facts had been proven, the inferences to be drawn from the proven facts, and that this court upon appeal cannot substitute its judgment as to what facts were established by the evidence for that of the trial court. *Any fact in issue which was not found by the trial court in its special findings of facts must be considered as not having been proved. Home Equipment Co.* v. *Gorham* (1941), 218 Ind. 454, 459, 33 N. E. 2d 99; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 593, 24 N. E. 2d 912." (Our emphasis)

In an equitable proceeding, the finding of the court will not be disturbed, under a charge that the finding or decision is contrary to law, unless clearly erroneous, *McConnell et al.* v. *Huntington, Administrator* (1886), 108 Ind. 405, 8 N. E. 620; *Miller et al.* v. *The Evansville National Bank* (1884), 99 Ind. 272; *State, ex rel. Heiney* v. *Wasson* (1884), 99 Ind. 261; *Calkins* v. *Evans* (1854), 5 Ind. 441, or there is manifest error. *Belk* v. *Fossler* (1911) (T. D. 1912), 49 Ind. App. 248, 96 N. E. 15. Nor, where it is asserted that the decision of the court is contrary to law, will the findings be disturbed unless the evidence is without conflict and such that a reasonable person could reach only an opposite conclusion to that of the trial court.

Our Supreme Court, in the Hinds, Executor Etc., v. McNair, et al. case, *supra,* at p. 41, stated:

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.

" 'It is only where the evidence is without conflict and can lead to but one conclusion, and the

trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law.'

"*Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669."

See also *Yelton* v. *Plantz* (1950), 228 Ind. 79, 89 N. E. 2d 540; *Schutz* v. *Leary* (1952) (T. D. 1952), 123 Ind. App. 100, 106 N. E. 2d 705; *McFarland* v. *Christoff* (1950), 120 Ind. App. 416, 92 N. E. 2d 555; *Rader* v. *Derby* (1950) (T. D. 1950), 120 Ind. App. 202, 89 N. E. 2d 724; *E. H. Purcell & Co., Inc.* v. *Agricide Corp.* (1956), 126 Ind. App. 476, 134 N. E. 2d 233.

Appellants assail the remaining findings on the grounds, as set forth in their brief, that: "The remainder of the findings were either (1) incorrectly stated; or (2) so incompletely stated as to be prejudicial to appellants; or (3) entirely unsupported by evidence and could not reasonably be inferred from any evidence introduced at the trial." In particular, in contending that the finding of facts is contrary to law, appellants have attempted to point out that one of the findings is incomplete; that three of the findings should be stricken; that three of the findings are vague, indefinite, or inaccurate and misleading; that one is erroneous and unfounded; that one repeats a statement of another finding; that one is substantially correct; that two are erroneous and not supported by the evidence, and one is not within the issues. As stated hereinabove, the finding of facts, however defective, is not contrary to law unless the evidence is without conflict and entitled appellants to relief which was denied them. In our opinion, the evidence herein was of such character and of such conflicting nature as not to force us to a conclusion contrary to that of the lower court.

Our Supreme Court in the case of *Yelton* v. *Plantz, supra,* at p. 90, stated:

"Lastly, the appellants contend that the finding of facts is contrary to law. They have attempted to point out that the trial court failed to find ultimate facts which were supported by the uncontradicted evidence, and that other ultimate facts were found which were not supported by the evidence. It will not be necessary to go into detail as to any of these contentions. The decision herein is a negative decision against the appellants, plaintiffs below, who had the burden of proof. The finding of facts, however defective, is not contrary to law unless the evidence entitled the appellants to relief which was denied them. See *Rowe* v. *Johnson* (1944), 223 Ind. 289, 60 N. E. 2d 529; *Wilson, Admx.* v. *Rollings* (1937), 214 Ind. 155, 14 N. E. 2d 905." See also *Ayres* v. *Lucas* (1945) (T. D. 1946), 116 Ind. App. 431, 63 N. E. 2d 204.

Therefore, we cannot say, and the appellants do not demonstrate, that the evidence was without conflict and entitled them to relief which was denied them.

The judgment is affirmed.

Myers, P. J., Ax, J., Ryan, J., concur.

NOTE.—Reported in 162 N. E. 2d 94.