JONES ET AL. *v.* GREIGER, TRUSTEE ETC. ET AL.

[No. 19,293. Filed May 5, 1960.]

528

[redacted]

*Robert S. Justice,* of Logansport, and *Bell & Bell,* of Indianapolis, for appellants.

*Howard A. De Myer* and *Leon R. Kaminski,* both of La Porte, for appellees.

COOPER, J.—This appeal arises out of an action brought by the appellants wherein they sought an injunction against the appellees from selling bonds, taking bids for bonds, letting contracts or asking for bids by contractors for the construction of a new school building in Cass Township of La Porte County, Indiana. The issues were properly closed and the cause was submitted to the court for trial. Prior to the trial, the appellants requested the court to make special findings of fact and conclusions of law. The appellants introduced their evidence in chief in support of their petition seeking the injunction, and, at the conclusion of said evidence, the appellees moved for a finding for the appellees for the reason that the evidence introduced by the appellants was not sufficient to sustain the allegations of the appellants' complaint, which motion the trial court sustained. The trial court then made and entered his Special Findings of Fact and stated his Conclusions of Law thereon, the pertinent parts thereof read as follows:

"1.   That this action is a class action brought for individual and joint relief and benefit of the respective plaintiffs and such class as may be similarly affected by the proceedings and action of defendants.

"2.   That the plaintiffs in said cause are all legal voters, residents and taxpayers of Cass Township, La Porte County, Indiana.

"3.   The defendant, Robert W. Greiger, was, at all times mentioned in the complaint in this cause the duly elected, qualified and acting Trustee of Cass Township, La Porte County, Indiana.

"4. The defendants, Edwin Menne and Byron Tilden, were, at all times mentioned in the complaint in this cause, duly elected, qualified and acting members of the Advisory Board of said township.

"5. The defendant, Lavern Guse, was, at all times mentioned in the complaint in this cause, an elected and acting member of the Advisory Board of said Cass Township, LaPorte County, Indiana.

"6. That the defendant, Lavern Guse, was not a free-holder at the time of his election to said Board and the taking of office as a member of said Advisory Board.

"7. That there is now in use in Cass Township, LaPorte County, Indiana, one school building in which both elementary and high school courses are being taught and in which they have been taught for many years last past.

"8. In the month of April, 1954, a petition requesting the issuance of bonds of Cass Township, LaPorte County, Indiana, and Cass School Township, LaPorte County, Indiana, for the purpose of procuring a new school building to accommodate the pupils of school age residing within said township, was presented to the Trustee and Advisory Board as the latter was then constituted.

"9. That a special meeting was called to consider said petition of April 9, 1954, which was done, and a resolution adopted that an indispensable necessity and an extrordinary emergency existed for the issuance of bonds by said school and civil township for the construction and equipment of a new grade school building.

"10. That the defendant, Township Trustee and the then constituted defendant Township Advisory Board considered alternate methods of meeting the township's school needs and that they considered independent surveys of school needs including the Purdue University Survey, consulted a professional architect, consuled the defendant township principal, the Superintendent of Schools of LaPorte County, Indiana, and conducted a referendum on the question of consolidation which

referendum indicated an opposition to consolidation.

"11. That the defendant Township Trustee and the then constituted defendant advisory board, on behalf of defendant Township, purchased land for a site for the construction of a new school building, employed a professional engineer and architect, procured detailed plans and specifications for the construction of a new school building, secured approval for the proposed new school building from the Division of School House Planning, Indiana State Superintendent of Schools, Indiana State Board of Tax Commissioners, Indiana State Board of Accounts, secured bids from construction companies on the proposed construction of the school building, accepted bids for construction of the school building, subject to the sale of bonds, and gave legal notice of the proposed sale of the bonds.

"All of which the court now finds this 24th day of September, 1958.

. . .

## "CONCLUSIONS OF LAW

". . . 1. That the law is with the defendants on the evidence introduced by the plaintiffs; that the plaintiffs, at the close of their evidence, failed to prove a prima facie case based on their complaint. . . ."

Thereafter, the trial court rendered final judgment in favor of the appellees herein on its Special Findings of Fact and Conclusions of Law. The appellants then filed a motion for a new trial which the trial court overruled and this appeal followed.

The assigned error before us is the overruling of the appellants' motion for a new trial. The appellants in the argument portion of their brief waive all of the matters set forth in their motion for a new trial, except the following three:

"1. The Court's decision is not sustained by sufficient evidence. The Court erred in rejecting the

.plaintiffs' requested findings of fact numbered 1 to 16 and 18 and 19, inclusive.

"2. The decision of the Court is contrary to law.

"3. The Court erred in its conclusion of law numbered 1."

"This being an appeal from a negative judgment, the assignment of error, 'The decision of the court is not sustained by sufficient evidence,' presents nothing for our consideration." See *Metrailer* v. *Bishop* (1959), 130 Ind. App. 77, 162 N. E. 2d 94, 95.

In the Metrailer case, *supra*, this court stated:

"The general rule of law under such circumstances is well stated in the case of *Leckrone* v. *Lawler* (1954) (T. D. 1954), 125 Ind. App. 35, 37, 118 N. E. 2d 381, 382, wherein we held: 'As the finding was negative to appellants who had the burden of proof, they cannot challenge the insufficiency of the evidence to sustain the finding, *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N. E. 2d 594; *Wilson Admrx.* v. *Rollings, et al.* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905.' See also *Hinds* v. *McNair et al.* (1955), 235 Ind. 34, 40, 41, 129 N. E. 2d 553."

The appellants also complain that the trial court erred in rejecting the plaintiffs' requested findings of fact. A review of the record reflects that both the plaintiffs and the defendants below submitted their own versions of what each thought the special findings of fact should be and the conclusions of law thereon. It is apparent from the record that the trial court did not adopt or use either party's special findings of fact or conclusions of law based thereon, but made his own special findings of fact and entered his conclusions of law on those findings as he was required to do. A review of §2-2102, Burns' 1946 Repl.,

and our Supreme Court Rules 1-7b, 1-7c and 1-8 reveals that it was not obligatory upon the trial court to adopt the suggested special findings of fact of either of the parties.

The appellants' second contention is that the decision of the court is contrary to law, which, as pointed out in the case of *Metrailer* v. *Bishop, supra,* and *Leckrone* v. *Lawler, supra,* they may do.

At the outset we must bear in mind that the proceeding before us is singularly an equitable proceeding in which the appellants sought, but were denied, an injunction. The findings of the trial court will not be disturbed under a charge that the findings or decision is contrary to law, unless the same is clearly erroneous, *McConnell et al.* v. *Huntington, Administrator* (1886), 108 Ind. 405, 8 N. E. 620; *Miller et al.* v. *The Evansville National Bank* (1884), 99 Ind. 272; *State, ex rel. Heiney* v. *Wasson* (1884), 99 Ind. 261; *Calkins* v. *Evans* (1854), 5 Ind. 441, or there is manifest error. *Belk* v. *Fossler* (1911) (T. D. 1912), 49 Ind. App. 248, 96 N. E. 15. Nor, where it is asserted that the decision of the court is contrary to law, will the findings be disturbed unless the evidence is without conflict and such that a reasonable person could reach only an opposite conclusion to that of the trial court will be set aside on the grounds it is contrary to law. *Losche & Sons* v. *Williams & Associates* (1948) (T. D. 1948), 118 Ind. App. 392, 78 N. E. 2d 447; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Yelton* v. *Plantz* (1950), 228 Ind. 79, 89 N. E. 2d 540; *Schutz* v. *Leary* (1952) (T. D. 1952), 123 Ind. App. 100, 106 N. E. 2d 705; *McFarland* v. *Christoff* (1950), 120 Ind. App. 416, 92 N. E. 2d 555; *Rader* v. *Derby* (1950) (T. D. 1950), 120 Ind. App. 202, 89 N. E. 2d 724; *E. H. Purcell & Co., Inc.* v. *Agricide Corp.*

(1956), 126 Ind. App. 476, 134 N. E. 2d 233. The burden of proving the right to an injunction was upon the appellants, plaintiffs below. We cannot say, as a matter of law, under the evidence introduced by the appellants, that only one conclusion could be reached from the facts proved which leads inescapably to the establishment of the ultimate fact, that the appellants were entitled to the injunction sought.

Furthermore, we find that the appellants make the following statement in their brief, conceding that the court made the proper and correct findings under the evidence: "We have no objection to the findings of fact of the court except number 11." The appellants are asserting that the trial court should have stated various things in line number 5 of said number 11 of the findings of fact.

Even though there might be some minor inaccuracies in the respect claimed by the appellants, it is the general rule of law that, "The special findings of fact must be considered as a whole. One part may be considered in connection with other connected parts or parts referring to the same transaction, and if taken as a whole, the finding legitimately supports the judgment, it will be upheld. All intendments and presumptions are taken in favor of the findings rather than against them." *Murin etc. et al.* v. *Cook Bros. Dairy, Inc.* (1956), 127 Ind. App. 23, 138 N. E. 2d 907; *Kelley, Glover & Vale* v. *Heitman* (1943), 220 Ind. 625, 44 N. E. 2d 981; *National Surety Co.* v. *State* (1913), 181 Ind. 54, 103 N. E. 105; *Guardian Life Ins. Co. of America* v. *Brackett* (1940) (T. D. 1940), 108 Ind. App. 442, 27 N. E. 2d 103; Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, §1732, Comment 4. Under the above rule we think the said findings sufficient.

534

The appellants also claim that the trial court erred in its conclusions of law number 1, and in this regard it must be remembered that this court cannot consider the evidence, but only the findings of fact, and, for the purpose of determining this question only, the appellants admit, and we accept, the special findings of fact as true and as having been fully and correctly found, limited, however, to the facts found within the issues formed by the pleadings. *Gross Income Tax Div.* v. *Surface Comb. Corp.* (1953), 232 Ind. 100, 111 N. E. 2d 50; *Property Owners, Inc.* v. *City of Anderson* (1952), 231 Ind. 78, 107 N. E. 2d 3; Flannagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §1733, Comment 1.

In reviewing the findings, we do not believe the court erred in its conclusions of law number 1, nor is the decision of the court contrary to law.

Judgment affirmed.

Ax, J., Myers, C. J., Ryan, J., concur.

NOTE.—Reported in 166 N. E. 2d 868.