TYLER COMPANY, INC *v.* WM. WHITE D/B/A WM. WHITE CONSTRUCTION COMPANY.

[No. 20,515. Filed November 13, 1967. Rehearing denied December 20, 1967. Transfer denied April 4, 1968.]

*Early, Arnold and Ziemer,* of Evansville, *Robert Fair,* of Princeton, for appellant.

*McDonald and McDonald,* of Princeton, for appellee.

Cook, J.—This is an action brought by appellant-plaintiff, R. B. Tyler Company, Incorporated (Tyler) to recover from the appellee-defendant, William A. White d/b/a William A. White Construction Company (White), the alleged agreed purchase price for a tractor and trailer purportedly sold and delivered by Tyler to White.

The appellant arranged for a sale at public auction of certain equipment belonging to appellant and its affiliated companies. Appellee was the high bidder for the aforementioned tractor and trailer. The appellee received and continued in

possession of the equipment and continued to use it, but refused to pay the bid price of $9,476.00.

Appellee requested a trial by jury, and the jury returned its verdict in his favor. This appeal follows.

The only assignment of error presented for this court's consideration is the overruling of appellant's motion for a new trial.

The specifications in support of appellant's motion are that the verdict of the jury is: (a) Not sustained by sufficient evidence; (b) Contrary to law; and (c) The assessment of damages is erroneous, being too small.

Specification (c) above, is waived by appellant on this appeal.

As this appeal involves a negative verdict to the appellant, who had the burden of proof below, specification (a) presents no question to this court. *Jones, et al.* v. *Greiger, Trustee, etc. et al.* (1960), 130 Ind. App. 526, 166 N. E. 2d 868. *Metrailer, et al.* v. *Bishop, et al.* (1959), 130 Ind. App. 77, 162 N. E. 2d 94. *Leckrone* v. *Lawler* (1954), 125 Ind. App. 35, 118 N. E. 2d 381. *Doolittle, Executor, etc.* v. *Kunschik, et al.* (1962), 134 Ind. App. 125, 186 N. E. 2d 803.

This leaves as the sole specification for our consideration the allegation that the verdict of the jury was contrary to law.

The verdict of the jury and the judgment of the trial court thereon will be set aside only if the evidence is without conflict and can lead to but one conclusion and the judgment of the trial court manifests the opposite conclusion. *Metrailer* v. *Bishop, supra.* As our Supreme Court stated in *Hinds, Executor, Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553, at p. 41:

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom."

In reviewing the record we find from the undisputed evidence that appellee received possession of the equipment, continues to use it and has received good title thereto. However, beyond that, the evidence is in conflict.

Appellant contends that appellee has refused to pay the purchase price of the equipment, while appellee contends it was agreed by the parties that the purchase price would be deducted from monies already owed him by appellant.

The evidence most favorable to appellee is that one of Tyler's employees represented to White, on the date of the sale, that Tyler owed White approximately $17,000; that White received permission from Tyler to bid on some of the equipment, and that Tyler agreed the amount bid by White would be deducted from monies already owed White by Tyler.

Appellant contends that at the time of the sale it owed White something less than $3,000, rather than the $17,000 its employee admitted owing. However, the jury was not obliged to accept this testimony as true, and obviously did not do so. It is not possible for this court to determine exactly what testimony the jury chose to believe and what testimony it chose to reject. However, it cannot be disputed that this choice is completely within the province of the jury. This court will not under such circumstances upset the verdict of the jury and weigh conflicting evidence.

Since the evidence most favorable to appellee supports the verdict and the judgment is not contrary to law, the judgment will be affirmed.

Judgment affirmed.

Pfaff, C. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 792.